62729. DALTON v. THE STATE.

McMurray, Presiding Judge.

Defendant was indicted and tried for the offense of trafficking in illegal drugs. On the trial of the case the issue of the offense of unlawful possession or control of a controlled substance (heroin) was submitted to the jury as a lesser included offense. The trial court overruled defense counsel's objection to the submission of the purported lesser included offense to the jury. A verdict of guilty of the possession of heroin was returned by the jury, and the defendant was subsequently sentenced to serve a term of 10 years. Defendant's motion for new trial was filed and denied, and the defendant appeals. *Held:*

1. Code Ann. § 79A-811 (a) (Ga. L. 1974, pp. 221, 243; 1980, p. 432) provides that "it is unlawful for any person to possess or have under his control any controlled substance." Defendant contends that mere possession is not a lesser included offense of trafficking in illegal drugs as set forth in Code Ann. § 79A-811 (k) (Ga. L. 1974, pp. 221, 243; 1980, p. 432), predicating her arguments primarily upon the requirement that the offense of trafficking in illegal drugs as was charged here requires that the defendant be "knowingly in actual possession" of a derivative or compound containing such a derivative or substance described in Schedule I and II, while Code Ann. § 79A-811 (a), supra, prohibits possession without regard to whether such possession is actual or constructive. *Lee v. State,* 126 Ga. App. 38 (189 SE2d 872), acknowledges that the law recognizes two kinds of possession, actual and constructive possession. A person who knowingly has direct physical control over a thing at a given time is in actual possession of it. Constructive possession occurs where the person who, though not in actual possession, knowingly has both the power and the intention to exercise dominion or control over the thing. See *Thomas v. State,* 153 Ga. App. 686, 689 (266 SE2d 335). Here, the indictment specifically charged, with reference to trafficking in illegal drugs, that the defendant was knowingly in "actual possession of" the stated amount of heroin.

An accused may be convicted of a crime included in a crime charged in the indictment when it is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged; or the lesser included crime is different from the crime charged only in the

respect that a less serious injury or risk of injury to the same person, property or public interest or a lesser kind of culpability suffices to establish its commission. See Code Ann. § 26-505 (Ga. L. 1968, pp. 1249, 1267); *Tuggle v. State,* 145 Ga. App. 603 (1) (244 SE2d 131); *Gearin v. State,* 127 Ga. App. 811 (1) (195 SE2d 211); *Allen v. State,* 233 Ga. 200, 203 (3) (210 SE2d 680); *Krist v. State,* 227 Ga. 85, 89 (179 SE2d 56); *State v. Estevez,* 232 Ga. 316, 319-320 (1) (206 SE2d 475); *Zilinmon v. State,* 234 Ga. 535, 539 (8) (216 SE2d 830); *Williams v. State,* 238 Ga. 244, 246 (7) (232 SE2d 238). The statute in question with reference to controlled substances cites in detail the various prohibited acts stating at the very beginning that it is unlawful for any person to possess or have under his control any controlled substance. Thereafter, the crime of possession of the controlled substance, heroin, provides that one found guilty shall be guilty of a felony and shall be punished by imprisonment for not less than two years nor more than 15 years.

Here the defendant was charged with the greater offense of knowingly being in actual possession of heroin which the statute declares to be the felony of trafficking in illegal drugs, and providing for much greater sentences than mere possession or control depending upon the amount of the illegal drug.

The crime here of possession of heroin was established by proof of the same or a less culpable mental state than is required to establish the commission of the crime charged, or rather, there was less serious injury or risk of injury to the public interest as determined by the jury in this instance.

The drugs were found in the home in which the defendant resided, and approximately one-half of the heroin found in the home was in a dresser which the defendant claimed as her own at the time of her arrest, containing adult women's clothing, her family photo album and some of her son's school papers. In addition, several items of paraphernalia commonly used in connection with illegal drugs but not commonly found in bedroom closets were found in this defendant's bedroom closet amidst her other belongings. The rest of the quantity of heroin and cutting equipment was found in the kitchen area which this defendant attempted to disclaim by stating that she very seldom used the kitchen to prepare food for herself and her son, it being cheaper to eat out. While there was evidence that two other persons had access to the home where the contraband was found on the premises, there was direct and circumstantial evidence to connect the defendant with the contraband. Consequently, it is clear that the possession of the controlled substance, heroin, of necessity was a lesser included offense of the indictment here of trafficking in illegal drugs (by knowingly being in actual possession of

a quantity of drugs). The trial court did not err in charging the jury that mere possession of heroin is a lesser included offense under the indicted offense of trafficking in illegal drugs. There is no enumeration of error that the court erred in charging on constructive possession where the indictment was based upon "actual possession."

2. The defendant here has not only enumerated error to the charge on the lesser included offense but added to that enumeration that the trial court erred "in refusing to charge that mere constructive possession would authorize acquittal." In two separate written requests to charge the defendant did make a request with reference to actual and constructive possession, and the trial court did give a charge on actual and constructive possession marking both of these requests to charge as "given as altered." However, the argument here is that the trial court refused to charge as requested that mere constructive possession would authorize an acquittal. The written request is that it would be the jury's duty to acquit as to trafficking in illegal drugs if her possession was found to be merely constructive and not actual. Here there was no conviction of trafficking in illegal drugs inasmuch as the jury returned a verdict of guilty as to the lesser included offense of possession. Of course, since the indictment charged "actual possession" as such, a request had been made that if it determined there had been mere constructive possession and not actual, this would authorize an acquittal "as to Trafficking in Illegal Drugs." There was no conviction of "Trafficking." Accordingly, we find no reversible error with reference to this portion of the first enumeration of error.

3. Defendant also enumerates as error the refusal of the trial court to charge the jury pursuant to defendant's written request that "if you find from the evidence that heroin was found on the premises occupied by the Defendant, but also find that a person or persons other than the Defendant had equal opportunity to possess the heroin, it would be your duty to acquit the Defendant. In that event, the form of your verdict would be: 'We, the Jury, find the Defendant not guilty.' " Upon our examination of the evidence in the case sub judice as it relates to the lesser included offense of possession of heroin, since defendant was acquitted of the offense of trafficking in illegal drugs, we find that this requested charge was not adjusted to the evidence and was argumentative. Where the request was not adjusted to the evidence see *Stevens v. State,* 247 Ga. 698, 704-705 (9) (278 SE2d 398); *Harper v. State,* 249 Ga. 46 (3) (287 SE2d 211) (1982). Such requested instruction here, without more, would have been tantamount to requiring the court to direct the jury to return a verdict of acquittal, that is, it was entirely too favorable to the defendant. See *Caraker v. Brown,* 152 Ga. 677, 678 (3) (111 SE 51);

*Randall v. State,* 210 Ga. 435 (1a) (80 SE2d 695); *Schuh v. State,* 150 Ga. App. 700 (258 SE2d 328).

4. Our examination of the search warrant and affidavit fails to disclose that same lacks the constitutional factual specificity regarding the alleged reliability of the information furnished by the informant as required by Spinelli v. United States, 393 U. S. 410 (89 SC 584, 21 LE2d 637), and the cases of *Cain v. State,* 128 Ga. App. 146 (195 SE2d 797), and *Mahar v. State,* 137 Ga. App. 116, 117-118 (2) (223 SE2d 204). Nor is the information contained therein fatally conclusionary as argued by defendant's counsel. The confidential informant was known to the investigating officer whose information was determined to be correct and was duly reported to the officer who swore out the warrant personally. This informant had furnished information in the last six months leading to the arrest of suspects and seizure of illegal drugs. This was sufficient to establish the informant's reliability and also sufficient to establish his familiarity with the drug culture, paraphernalia used therein and identity of illegal drugs. *Bryan v. State,* 137 Ga. App. 169 (1) (233 SE2d 219); *Currington v. State,* 129 Ga. App. 161, 162 (199 SE2d 268); *Giles v. State,* 149 Ga. App. 263, 265-266 (254 SE2d 154). There is no merit in the enumeration of error complaining that the trial court erred in denying the defendant's motion to suppress the evidence as having been illegally seized.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED MARCH 17, 1982 —
REHEARING DENIED APRIL 1, 1982 — ▮▮▮▮▮▮▮▮

*J. Melvin England,* for appellant.

*Robert Wilson, District Attorney, Susan Brooks, Assistant District Attorney,* for appellee.