## 63179. KELLER v. THE STATE.

SOGNIER, Judge.

Keller was convicted of manufacture of marijuana, a controlled substance. Appellant contends that the trial court erred by overruling his motion to suppress the evidence, on the basis that the informant's reliability was not established and, thus, there was no probable cause to issue the search warrant.

The tests to be applied in determining the sufficiency of an affidavit to show probable cause to issue a search warrant are: (1) that the affidavit gives reasons for the informer's reliability, and (2) that the affidavit either states specifically how the informer obtained the information *or* the tip describes the criminal activity in such detail that the magistrate may know it is more than "a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation." Spinelli v. United States, 393 U. S. 410, 416 (89 SC 584, 21 LE2d 637); Aguilar v. Texas, 378 U. S. 108 (84 SC 1509, 12 LE2d 723); *Sams v. State,* 121 Ga. App. 46, 48 (1) (172 SE2d 473) (1970). A third requirement is that a time period related closely to commission of the offense must be stated affirmatively in the affidavit to show that the information is not stale. Sgro v. United States, 287 U.S. 206, 210 (53 SC 138, 77 LE 260); *Bell v. State,* 128 Ga. App. 426, 427 (196 SE2d 894) (1973).

Applying these tests to the affidavit in the instant case, it is clear that the affidavit established probable cause to issue the search warrant. The affidavit showed that past information from the informant had resulted in four arrests and two convictions, which established the informant's reliability. The informant had personally seen marijuana plants growing in back of appellant's house and had seen Quaaludes in the kitchen of appellant's house within 24 hours preceding the affidavit. Thus, the information was more than a casual rumor and it was not stale, especially since the marijuana was in the form of growing plants. Since the contraband was seized lawfully, it was not error to deny the motion to suppress and admit the contraband into evidence.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED APRIL 12, 1982.

*Nick M. Bajalia,* for appellant.

*H. Lamar Cole, District Attorney, Greg Jacobs, Assistant District Attorney,* for appellee.