*District Attorney,* for appellee.

## 63378. NUTTER v. THE STATE.

SHULMAN, Presiding Judge.

Convicted upon a bench trial of two counts of violating the Georgia Controlled Substances Act (Code Ann. Ch. 79A-8, Ga. L. 1974, p. 221 et seq.), Nutter appeals the overruling of his motion to suppress evidence.

A warrant was obtained to search Nutter's residence based upon the affidavit of a police officer that on November 30, 1978, he had been told by a reliable informant who "was present at the above address between the dates of 11-26-78 and 11-30-78 [that he] did observe [Nutter and another man] store and use Marijuana." Nutter testified that at no time on those dates was anyone else in the house with him, and he asserts on appeal that the state failed to prove probable cause because there was no probative evidence to establish that what the informer told the police was true.

The appellant contends that where, as here, the defendant, by sworn testimony subject to cross examination, makes a showing that a material part of the affidavit is false, the burden is on the state to present at least a minimal corroboration of the hearsay evidence contradicted by the testimony of the defendant. In Franks v. Delaware, 438 U. S. 154 (98 SC 2674, 57 LE2d 667), the U. S. Supreme Court established that a criminal defendant has the right under the Fourth Amendment to challenge, subsequent to the ex parte issuance of a search warrant, the truthfulness of factual statements made in the affidavit supporting the warrant. Under the Franks decision, "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit." Id., p. 155.

Appellant's reliance on Franks as authority for reversal is misplaced, however, and his arguments must fail. "[T]he challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted . . . is only that of the affiant, not of any nongovernmental informant." Id., p. 171.

Appellant sought through his own uncorroborated testimony to impeach the veracity of the informant, but alleged no misconduct or deliberate falsehood on the part of the officers executing the warrant. In Franks, the court specifically declined to consider the "difficult question whether a reviewing court must ever require the revelation of the identity of an informant once a substantial preliminary showing of falsity has been made." Id., p. 170. Appellant made no such substantial showing.

Appellant was afforded a full and thorough review in accordance with all the criteria of Franks, and our review of the transcript convinces us that the trial court correctly determined that there was no showing of lack of probable cause under the procedures set forth therein.

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

DECIDED MAY 13, 1982.

*Theodore S. Worozybt,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Mike Whaley, H. Allen Moye, Thomas W. Hayes, Assistant District Attorneys,* for appellee.