64093. YOUNG v. THE STATE.

BANKE, Judge.

The appellant was convicted on three counts of a 4-count indictment charging him with possessing drugs in violation of the Controlled Substances Act. On appeal, he contends that under the "equal access" rule, the evidence was insufficient to negate the

possibility that other members of his household had exclusive possession of the substances.

The contraband was discovered during the execution of a search warrant for an apartment occupied by the appellant and at least two other persons. The appellant was not at home when the search took place. The drugs which he was charged with possessing were found upstairs in a walk-in closet off one of the bedrooms. This closet had been converted into a laboratory for processing amphetamines. Correspondence and other documents bearing the appellant's name were found in the bedroom. Taped to the door of the closet was a notice which read as follows: "This room is off limits to everyone unless ask (sic) by me." It was signed, "Doc." Taped to the bannister downstairs was another notice, which read, in part, as follows: "House Rules. Read and understand before entering, by order of 'Doc.' . . . No call — no come in. 2. 'No one' up stairs 'except' accommented (sic) by house hold member. 3. *Anything* turns up missing, everyone is strip searched. . . 6. Any one coming over must be know (sic) (well) by a house hold member who is responsible for them while they are here. 7. No transaction done here unless a proved (sic) by me (Doc) personally." A witness for the state testified without objection that "Doc" was a nickname for the appellant. Also found in the laboratory were several hand-made "business cards" listing slang names for various types of amphetamines, such as "crystal speed" and "black R.J.S." *Held:*

The jury was authorized to conclude that the equal access rule did not apply in this case in view of the notices found on the laboratory door and on the bannister. The case of *Moreland v. State,* 133 Ga. App. 723 (212 SE2d 866) (1975), is distinguishable, for in that case the evidence established merely that contraband had been discovered in the appellant's bedroom, and one of the other occupants of the house testified that she had hidden the drugs throughout the house without the appellant's knowledge. The evidence in the case before us now, on the other hand, shows that the contraband was discovered in a laboratory over which the appellant claimed exclusive control. "Since this contraband was not in an open, notorious and equally accessible area, the equal-access rule would not be applicable. See *Kenerleber v. State,* 137 Ga. App. 618 (224 SE2d 476) (1981)." *Allen v. State,* 158 Ga. App. 691 (1) (282 SE2d 126) (1981).

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED JUNE 14, 1982—
REHEARING DENIED JULY 1, 1982 —

*John C. Carbo III,* for appellant.
*Robert E. Keller, District Attorney, Michael D. Anderson, Assistant District Attorney,* for appellee.