66432. CHOICE v. THE STATE.

DEEN, Presiding Judge.

Appellant Walter Choice was arrested and tried on three counts of violating the Georgia Controlled Substances Act: possession of marijuana, possession of cocaine, and sale of cocaine. He was found guilty on the third charge and sentenced to fifteen years' imprisonment. Choice appeals from this judgment, enumerating the general grounds and the denial of his motion to suppress. We affirm.

A Baldwin County police officer, Patrolman McCormick, was approached by a confidential informant who on several previous occasions had supplied reliable information leading to the arrest and conviction of local law-breakers. This individual informed McCormick that on the preceding day he had seen controlled substances in appellant's apartment, and offered to make a "controlled buy" at any time the police might desire. A controlled buy was arranged for two days thereafter, and on the appointed day the informant was given two $20 bills of which a photographic record had been made. McCormick then strip-searched the informant to ascertain that he had no controlled substances on his person. Thereafter, McCormick and other officers stationed themselves where they could observe the exterior of appellant's four-unit apartment building, including the entrance to a stairway which led only to appellant's apartment and one other unit, and which provided the only means of ingress and egress for those two apartments. The informant was then signaled to undertake the "buy."

The informant entered the doorway leading to the stairs, and seven minutes later he was seen to emerge from the entrance. He turned over to the officers a plastic bag containing a white powdery substance which a specially trained officer on surveillance identified as cocaine. This identification was later verified by the Georgia Crime Laboratory.

McCormick then went to the police station and swore out a search warrant and returned to the apartment building, where the other officers had maintained their stakeout. As two officers entered the backyard, they saw a plastic bag containing a green leafy substance (later identified as marijuana) falling to the ground · apparently from a single open window on the building's rear, later identified as opening into appellant's bathroom. In the grass near where this bag had fallen lay a plastic bag containing a white powder subsequently identified as cocaine.

In the meanwhile, other officers approached the appellant's

apartment via the stairway, knocked at the door, and identified themselves as police. They heard the sound of flushing from within and, when they forced the door, saw appellant emerging from the bathroom, where water was still swirling in the commode. The officers found in appellant's pocket the two $20 bills that had been provided to the informant, and elsewhere in the apartment they found scales and plastic bags of a kind commonly used for measuring and dispensing illicit drugs. Appellant urges that this evidence should have been suppressed by the trial court, and that the verdict was contrary both to the law and to the evidence. *Held:*

1. Appellant objects on several grounds to the admission into evidence of the articles found in the apartment. His objections center primarily upon the sufficiency of the affidavit underlying the search warrant and the state's refusal to call the informant as a witness or otherwise to identify him, thereby allegedly denying appellant the opportunity to confront his accuser. While disclosure of the identity of a mere tipster is not required, *Thornton v. State,* 238 Ga. 160 (231 SE2d 729) (1977), the rule may be otherwise, depending on the specific fact situation, in cases where the informant is a witness or participant, and particularly where the defendant requests such disclosure. *Henderson v. State,* 162 Ga. App. 320, 322 (292 SE2d 77) (1982). The benefit of disclosure to the defendant must be balanced against other factors. *Id.* " 'Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.' " *State v. Royal,* 247 Ga. 309, 312 (275 SE2d 646) (1981).

In the instant case the direct evidence was such as to render unnecessary to the defendant's case any information as to the informant's identity. Moreover, "[t]he question of disclosure is a matter of discretion with the trial judge." *Bennett v. State,* 153 Ga. App. 21, 27 (264 SE2d 516) (1980); *Henderson v. State,* supra; *Boyd v. State,* 146 Ga. App. 359 (246 SE2d 396) (1978). The court did not err in declining to order the informant's identity revealed.

2. This state has traditionally used three tests for determining the sufficiency of an affidavit to show probable cause to issue a search warrant: that the affidavit gives reasons for the informant's reliability; that the affidavit either states specifically how the informant obtained the information or otherwise establishes the validity of the information; and that the time period must be stated in the affidavit in such affirmative manner as to show that the information is not stale. See Spinelli v. United States, 393 U. S. 410 (89 SC 584, 21 LE2d 637) (1969); Aguilar v. Texas, 378 U. S. 108 (84

SC 1509, 12 LE2d 723) (1964); *Sams v. State,* 121 Ga. App. 46 (172 SE2d 473) (1970); *Keller v. State,* 162 Ga. App. 100 (290 SE2d 204) (1982); *Bell v. State,* 128 Ga. App. 426 (196 SE2d 894) (1973). The affidavit in the instant case passes these tests. We note, however, that the so-called "two-pronged" test of Aguilar and Spinelli regarding the informant's reliability and veracity was expressly abandoned in Illinois v. Gates, —— U. S. —— (103 SC 2317, 76 LE2d 527) (1983), and that the "practical, nontechnical conception" of "totality of circumstances" has been substituted for the former test. Cf. Brinegar v. United States, 338 U. S. 160, 176 (69 SC 1302, 93 LE 1879) (1949). Since "totality of the circumstances" is a less rigorous test than that of Aguilar and Spinelli, it follows that an affidavit that would pass the former test must necessarily meet the "totality of the circumstances" criterion as well. The court did not err in admitting the evidence seized under the authority of the search warrant.

3. Having ruled that the court did not err in denying appellant's motion to suppress, we find that the evidence was sufficient to authorize the jury's verdict. *Crawford v. State,* 245 Ga. 89 (263 SE2d 131) (1980).

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED SEPTEMBER 6, 1983 —<br>REHEARING DENIED SEPTEMBER 15, 1983.

*Reginald L. Bellury,* for appellant.
*Joseph H. Briley, District Attorney,* for appellee.