## 67508. ROSS v. THE STATE.

BIRDSONG, Judge.

Floyd Ross was indicted for possessing marijuana and certain amphetamine type drugs. He was convicted of the possession of marijuana only and acquitted of the second count involving amphetamines. He was sentenced to serve four years. Appellant's only complaint is the trial court's denial of his motion to suppress the fruits of an alleged illegal search and seizure of the drugs which form the basis of the charges. *Held:*

The facts concerning the search show by uncontroverted evidence that a reliable informant related to the officer making the affidavit in support of the search warrant that he (the informant) had been in Ross' home on several occasions, the latest occasion being within the twenty-four hours preceding the preparation of the affidavit. The informant had witnessed the sale of marijuana by Ross to numerous drug purchasers in the past. Usually when a buyer appeared, Ross would go into the yard behind the house and come back with the marijuana for sale. The informant related that he was aware that Ross had received recently a new shipment of marijuana from Florida and was in the process of packaging the marijuana for small sales. The affiant himself had observed the premises of Ross for the two-week period prior to the requested warrant and had observed known drug users enter Ross' house, remain a short time, and then leave. Also the affiant had arrested Ross on an earlier occasion for possession of marijuana. The affiant could not be specific as to what dates he had observed persons entering and leaving Ross' house, but it was sometime within the two-week period of the issuance of the

warrant. On the day of the issuance of the warrant itself, Ross was observed with known drug users to be in his backyard for a short period and then re-enter the house.

In rebuttal, Ross showed that he had been involved in an altercation a week before the search of his house. During that altercation, Ross had been shot in the arm and a major bone in his arm shattered. Thus for a week before the search, Ross had been in the hospital. Following his return home the day before the search was conducted, Ross remained in bed with his arm in traction. However, it was not disputed that Ross was ambulatory and in general was taking care of himself at home. Ross also denied by affidavit that any of the alleged observed acts occurred.

Based upon the foregoing, Ross contended that the search warrant contained a materially false statement (that he had been in his home for the two weeks prior to the issuance of the warrant and sold marijuana during that period) and should have been suppressed for that reason. See Franks v. Delaware, 438 U. S. 154, 171 (98 SC 2674, 57 LE2d 667); *Cuevas v. State,* 151 Ga. App. 605, 614 (260 SE2d 737).

We have difficulty with the literal application of this argument used by appellant. The facts established at the suppression hearing show that the agent steadfastly refused to specify that Ross had been seen or that drug users entered the house during the one week prior to the preparation of the affidavit. The agent could only say that Ross had been seen (as had the known users) at some time during the two-week period prior to the issuance of the warrant. The affidavit was clear enough to reflect that while the informant had been in the house at an earlier period of time and observed drug transactions, he (the informant) also had been in the house within the preceding 24 hours and was aware that Ross had received a new shipment of marijuana and was preparing (in the present tense) small packages of marijuana for sale (see *Walker v. State,* 136 Ga. App. 857, 858 (222 SE2d 676)).

There is no discrepancy between the evidence in support of the affidavit and warrant and that of appellant so as to raise a question of a materially false statement or reckless disregard of the truth. Although Ross disputed the accuracy of the affidavit, he did so solely by denying generally that any illegal activities occurred and that he had been in the hospital for a week before the search. He did not claim at trial that the statements in the affidavit were actually false; he merely presented evidence potentially conflicting with certain statements in the affidavit. As pointed out, he was ambulatory and the magistrate was fully warranted in crediting the testimony of the informant and the affiant that Ross was a known drug abuser and had

been seen after his release from the hospital engaged in apparent illicit drug activities.

There is a presumption of validity with respect to an affidavit supporting a search warrant. Franks v. Delaware, supra. In order to force an evidentiary hearing on the accuracy of the affidavit, the aggrieved party must present more than mere conclusions. There must be allegations of deliberate falsehood or reckless disregard for the truth, and these allegations must be accompanied by evidence or an offer of proof of such evidence. The specific part of the affidavit that is claimed to be false must be identified and its falsity demonstrated. Mere allegations of negligence or mistake of fact are not sufficient. *Nutter v. State,* 162 Ga. App. 349, 350 (291 SE2d 423).

Ross has presented nothing more than mere denials of culpability. His evidence of being a patient in the hospital simply required the court to determine the impact of that evidence upon the overall contentions of the affidavit. We conclude that Ross has presented no issue of veracity to the trial court. The trial court obviously did conclude there was sufficient evidence to present probable cause to issue a warrant. Our examination of the evidence gives us no cause to disturb those findings and we will defer to the findings of the trial court concerning the credibility of the witnesses and the consistency of the affidavit. *State v. Brassell,* 144 Ga. App. 279 (241 SE2d 57).

*Judgment affirmed. McMurray, C. J., and Shulman, P. J., concur.*

DECIDED JANUARY 31, 1984.

James G. Blanchard, Jr., for appellant.

Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, Assistant District Attorney, for appellee.