### 69008. MIZE v. THE STATE.
(326 SE2d 782)

CARLEY, Judge.

Appellant appeals from his conviction of three counts of violating the Georgia Controlled Substances Act.

1. Appellant enumerates as error the denial of his motion to suppress physical evidence obtained when his residence was searched

pursuant to a search warrant. Appellant contends that the affidavit supporting the warrant was defective. The affidavit stated: "On 6-16-83 this investigator met with a reliable and confidential informant known personally by me and who has within the past eight months provided information to me that has resulted in the arrests of at least two suspects for [Violation of Georgia Controlled Substances Act] and . . . the seizure of contraband drugs. The informant stated that within the past 72 hours said informant had been inside [a particular] house and had observed methaqualone tablets packaged in clear plastic bags being sold and stored by a white male known as Steve Mize who also resides there. Said informant personally directed this investigator to Caldwell Road, DeKalb County, Ga., and pointed out the house at #3216 as being the house in which the methaqualone tablets were observed. A check with the Southern Bell Telephone Company revealed that a Steve Mize is being billed at the house. A check with the DeKalb County Police I.D. section revealed that on 5-4-80 and 10-23-80 a Steven Thomas Mize was arrested and charged with [Violation of Georgia Controlled Substances Act]." It was later determined that appellant's name was not Steven Thomas Mize, and that appellant had no record of previous arrests. Because the arrest information did not apply to appellant, he contends that the magistrate's finding of probable cause was without proper foundation.

In making a determination as to probable cause pursuant to the "totality of the circumstances" test enunciated in *Illinois v. Gates*, __ U. S. __ (103 SC 2317, 76 LE2d 527) (1983), " '[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . conclud[ing]" that probable cause existed.' [Cit.] . . . . The requirements of the *Gates* analysis are near equivalents to those traditionally applied by the courts of our state. '[P]robable cause means . . . reasonable grounds, and is that apparent state of facts which seems to exist after reasonable and proper inquiry.' [Cits.]" *State v. Stephens*, 252 Ga. 181, 182 (311 SE2d 823) (1984).

Applying those principles to the facts of the case at bar, we find that the search warrant was properly issued. The affidavit supporting the warrant gave reasons for the affiant's belief in the informant's reliability, and it stated specifically how the informant obtained his knowledge. The time period was set forth in the affidavit, so as to show that the information was not stale. Moreover, the affidavit established that the affiant had taken steps to verify the data provided

by the informant. The affidavit was sufficient to show probable cause to issue a search warrant on the basis of the informant's information. *Choice v. State*, 168 Ga. App. 28 (308 SE2d 1) (1983); *Johnson v. State*, 164 Ga. App. 501, 503 (3) (297 SE2d 38) (1982); *Shaner v. State*, 153 Ga. App. 694, 699-700 (266 SE2d 338) (1980). Since the affidavit was sufficient to support the magistrate's finding of probable cause without regard to the surplus information concerning the prior arrests of Steven Thomas Mize, we hold that the trial court did not err in denying appellant's motion to suppress the evidence obtained pursuant to the search warrant. See *Roth v. State*, 164 Ga. App. 347 (297 SE2d 107) (1982).

We note that this is not a case in which the affidavit supporting the search warrant contained false statements or statements made in reckless disregard of the truth. The affidavit correctly stated that "*a* Steve Mize" received his telephone bills at the specified address and that "*a* Steven Thomas Mize" had previously been arrested for drug-related offenses. The affiant did not falsely swear that appellant had previously been arrested. At the hearing on the motion to suppress, the affiant testified that at the time he was compiling material for the affidavit, he knew appellant only as Steve Mize, and he did not know whether appellant was the same Steve Mize who had been arrested in the past. He merely included in his affidavit all of the information which he had gleaned. There was no evidence that material misrepresentations were knowingly or recklessly included in the affidavit, and there was no showing of any misconduct on the part of the affiant. Cf. *Nutter v. State*, 162 Ga. App. 349 (291 SE2d 423) (1982); *Ross v. State*, 169 Ga. App. 655 (314 SE2d 674) (1984).

2. Appellant next contends that the affidavit supporting the search warrant was not properly attested. However, the record shows that the affidavit was sworn to and signed by Investigator R. E. Cain. Investigator Cain testified that he swore to the accuracy of the affidavit before the magistrate, and that the magistrate thereafter signed the jurat at the bottom of the affidavit. There was no defect in attestation. Compare *State v. Barnett*, 136 Ga. App. 122 (220 SE2d 730) (1975).

3. Appellant enumerates as error the failure of the trial court to direct a verdict of acquittal on the count involving possession of cocaine.

The evidence showed that police officers who searched appellant's residence found a set of scales in a bedroom. They also found a straw in a locked safe for which appellant supplied the key. Both the scales and the straw contained a white residue which later proved to be cocaine. This residue constituted a sufficient quantity of contraband to support appellant's conviction when considered with other evidence as to possession. *Rogers v. State*, 155 Ga. App. 685, 687 (4)

(272 SE2d 549) (1980). There was testimony that no one other than appellant lived at the residence at the time the illegal substance was found, and there was no showing that anyone other than appellant had access to the locked safe. The evidence was sufficient to enable a rational trior of fact to conclude beyond a reasonable doubt that appellant was guilty of possession of cocaine. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See generally *Young v. State*, 162 Ga. App. 781 (292 SE2d 416) (1982).

4. The remaining enumerations of error address the general grounds. The evidence showed that the police officers who searched appellant's residence found not only the items previously discussed but also a pill which proved to be diazepam and a small quantity of marijuana. As noted in Division 3 above, no one other than appellant lived at the residence at the time the contraband was discovered. From the evidence presented, a rational trior of fact could find beyond a reasonable doubt that appellant was guilty of possession of diazepam and marijuana. *Jackson v. Virginia*, supra; *Sankey v. State*, 167 Ga. App. 224 (306 SE2d 357) (1983); *Dalton v. State*, 162 Ga. App. 7, 8 (1) (289 SE2d 801) (1982).

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED JANUARY 22, 1985.

*Thomas M. Spence*, for appellant.
*Robert E. Wilson, District Attorney, Robert E. Statham III, Assistant District Attorney*, for appellee.