## 71635. WELLS v. THE STATE.
(348 SE2d 681)

BENHAM, Judge.

This appeal is from appellant's conviction of possession of marijuana with intent to distribute and possession of cocaine.

1. Relying on *Franks v. Delaware*, 438 U. S. 154 (98 SC 2674, 57 LE2d 667) (1978), appellant asserts that there was a false statement knowingly and intentionally, or with reckless disregard for the truth, included in the affidavit supporting the application for the search warrant pursuant to which the contraband involved in this case was seized. *Franks* provides that if the defendant makes a substantial showing of intentional falsity, the trial court must conduct a hearing on the issue. If, at that hearing, the allegations of falsity are established by a preponderance of the evidence, and if the affidavit is not sufficient without the false statement, the warrant is void. See *Cuevas v. State*, 151 Ga. App. 605 (E) (260 SE2d 737) (1979). That is not the required result in the present case. All that was shown at the hearing on appellant's motion to suppress was that the affiant mistakenly substituted the name of the victim of a burglary for the name of the burglar in the portion of the affidavit showing the reliability of a confidential informant. The officer freely admitted the mistake, ascribing it to confusion arising from a change in filing systems, and the trial court was authorized to find that there had been no intentional and knowing falsehood or reckless disregard for the truth. We also agree with the trial court that the substance of the statement, that the informant had previously given information leading to the arrest and conviction of a burglar, was true. We find no error in the trial court's

ruling on that issue. Appellant failed to make the "substantial preliminary showing" required by *Franks*.

2. In addition to relying on the federal constitutional standard established in *Franks*, appellant argues that *Cuevas* is too harsh and should be re-examined in the context of the traditionally broader protection provided in this state. In that argument, appellant asserts that Ga. Const. 1983, Art. I, Sec. I, Par. XIII, should be construed so as to place the burden on the State rather than on the defendant.

When first considering this case, we concluded that the resolution of that issue required construction of that constitutional provision and that this case should be transferred to the Supreme Court. See *Pope v. City of Atlanta*, 240 Ga. 177 (1) (240 SE2d 241) (1977). The Supreme Court, however, returned the case to this court by means of an order stating that it had held in *State v. Stephens*, 252 Ga. 181 (311 SE2d 823) (1984), that Ga. Const. 1983, Art. I, Sec. I, Par. XIII, requires application of the "totality of the circumstances" test which is the standard to be applied to questions arising under the Fourth Amendment to the United States Constitution. Since the standard to be applied is the same, it is apparent that the protection against unreasonable searches provided in the Georgia Constitution is the same as that provided by the United States Constitution. That being so, *Cuevas*, which addressed only the federal issue, is equally applicable in the context of the Georgia Constitution. Accordingly, the holding is the same.

3. Appellant's challenge to the sufficiency of the affidavit in support of the application for a search warrant is equally without merit. The affidavit related that the affiant was told by an informant whose information had previously led to an arrest in a drug case and an arrest and conviction in a burglary case that the informant had personally observed marijuana and cocaine in appellant's possession within the past 36 hours. That information was sufficient, under the totality of the circumstances, to show probable cause to believe that appellant was in possession of contraband and to support issuance of a search warrant. *Choice v. State*, 168 Ga. App. 28 (2) (308 SE2d 1) (1983).

4. At trial, appellant's attorney attempted to cross-examine the arresting officer concerning the disposition of the drug-related arrest mentioned in the affidavit in support of the application for a search warrant. Appellant enumerates as error the trial court's ruling that the disposition of that case was not relevant to the issues before the court. Without citation of authority, appellant argues that he should have been permitted to test the credibility of the informant because the arresting officer testified that the informant made a purchase of marijuana at appellant's residence within 36 hours before issuance of the search warrant.

We agree with the trial court that the evidence appellant sought

to elicit was irrelevant. The informant did not testify at trial and the arresting officer did not relate any conversations with the informant. Therefore, as to the controlled purchase allegedly made at appellant's residence, the informant's credibility was not at issue. There is no error in the exclusion of evidence not relevant to any issue at trial. *Strickland v. State*, 247 Ga. 219 (11) (275 SE2d 29) (1981).

5. Appellant's final enumeration relates to the trial court's failure to charge the jury that a conviction based on circumstantial evidence alone is not warranted unless the proven facts exclude every hypothesis other than the guilt of the accused. That charge is not required, even if requested, unless the State's evidence is entirely circumstantial. *Griffith v. State*, 172 Ga. App. 255 (2) (322 SE2d 921) (1984). Here, a police officer testified that he saw appellant in actual possession of cocaine, and there was other direct evidence of his possession of marijuana, including his admission that he owned the garment in which some marijuana was found. Thus, there was no error in the trial court's refusal to give the charge.

*Judgment affirmed. Deen, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur with all that is said in the opinion except with respect to Division 2 regarding the state constitutional claim. I do not believe that the federal constitutional standards regarding false statements in warrant affidavits, which standards were applied by this intermediate appellate court only in a federal claim context in *Cuevas v. State*, 151 Ga. App. 605 (E) (260 SE2d 737) (1979), automatically constitute the *state* constitutional standard via *State v. Stephens*, 252 Ga. 181 (311 SE2d 823) (1984). The Georgia Supreme Court did not adopt *Cuevas* in *Stephens*, nor did it rule on the question of false statements, much less in a state constitutional framework.

By virtue of the Supreme Court's transfer order, which is an appendix hereto, *State v. Stephens* is construed as establishing the meaning of the constitution of Georgia on the issue raised by appellant. *Stephens* relates, however, to what constitutes "probable cause" and how it is to be measured. It has nothing to do with whether a false statement should void a warrant.

Thus, the fact that Georgia's Supreme Court has adopted the federal "totality of the circumstances" test articulated in *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983), as the *state* constitution's test for the magistrate to apply when he decides whether the information is sufficient to authorize a warrant, does not address whether the federal constitutional test regarding false information as established in *Franks v. Delaware*, 438 U. S. 154 (98 SC 2674, 57 LE2d 667) (1978) is adopted as the test required by the state

constitution.

And without that, what would be the authority for us saying that *our* application of *Franks* in *Cuevas*, which dealt only with a federal issue, now establishes Georgia constitutional law? It is the Georgia Supreme Court, and not this court, which must construe our state constitution. Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1). If the Georgia Supreme Court's order of transfer in this case means to adopt *all* standing constructions of the U. S. Constitution by the U. S. Supreme Court as the meaning of Georgia's search and seizure provision, it did not say so. But having transferred the case back to this court on the basis of *Stephens,* and the issue being whether the state constitution's search and seizure provision is to be construed identically with *Franks,* we are compelled to say that it has been so construed by implication. The authority is the transfer order *sub silentio,* not *Cuevas.* Thus we are to apply the *Franks* test to the claim made under the state constitution, which of course yields the same conclusion arrived at in Division 1.

What is puzzling is that the Georgia Supreme Court chose this incidental method to clarify its *Stephens* decision. There is nothing in *Stephens* to indicate that it is a dual federal/state constitutional claim and decision. Nowhere is the state constitution mentioned in the majority opinion.

Only the dissent footnotes the notion that the Court "is free, under the Georgia Constitution, to reject the 'rule' of *Illinois v. Gates* and retain the *Aguilar-Spinelli* framework for reviewing hearsay affidavits offered to support the issuance of search warrants." *Stephens,* supra at 187. The footnote bolsters the view that the opinion deals only with a federal constitutional claim. This view is amplified by the case cited in the footnote, a case in which only a Fourth Amendment claim was at issue and the dissent similarly pointed out that even if there was no Fourth Amendment violation, "this court is free, under the Georgia Constitution, to provide for greater protection of individual rights than under federal law." *LoGiudice v. State,* 251 Ga. 711, 715 n. 6 (309 SE2d 355) (1983).[1] It could not be reached in that case, apparently, because it was not raised.

An examination of the cases, including the state cases, cited in the *Stephens* opinion also reveals a federal constitutional context. *Johnson v. State,* 111 Ga. App. 298, 303 (141 SE2d 574) (1965), and *Peters v. State,* 114 Ga. App. 595, 596 (152 SE2d 647) (1966), clearly are applications only of federal Fourth Amendment requirements on the issue. They do not deal with the state constitution. *Coleman v.*

---

[1] See also the dissent in *State v. Luck,* 252 Ga. 347, 348 (312 SE2d 791) (1984), which shows that Georgia traditionally had a more circumscribed requirement than did the federal constitution in search warrant affidavits with respect to non-staleness.

*Allen*, 79 Ga. 637, 640 (1) (5 SE 204) (1887) is a peculiar case to cite for the meaning of the search and seizure clause in either event because it dealt with the charge of the court on the element of a want of probable cause in a tort case of malicious prosecution. It did not focus on the meaning of probable cause for a search warrant as contemplated by either constitution.

Although the Court in *Strauss v. Stynchcombe*, 224 Ga. 859, 865 (165 SE2d 302) (1968) recognized that the appellant had raised both the federal and state constitutions, the Court examined only the federal authorities and, based on them, concluded that there was no violation of defendant's "constitutional rights." Id. at 863 and 867.

The only clue suggesting that *Stephens* construes the state constitution is the two-paragraph conclusion. The Court states that it "adopts" the rule of *Illinois v. Gates*. As to the federal constitution, the Court would not have the option of adopting or not adopting the rule prescribed by the U. S. Supreme Court, as the latter is the ultimate authority on that document. Our courts are bound to follow it. *Mason & Dixon Lines v. Odom*, 193 Ga. 471, 475-476 (2) (18 SE2d 841) (1942). The state Supreme Court could, of course, choose to adopt the federal test fashioned for the federal constitution as and for the meaning to be given to Georgia's Constitution. If that is what was done in *Stephens*, it is not clear.[2]

The only other clue I perceive is the reluctance to adopt the *Illinois v. Gates* rule wholeheartedly. The Court adds a caveat of warning which counsels conservative application of the rule and might, on application, not be as generous as the application of the federal rule. This hesitancy is noted in the dissent, 252 Ga. at 187.

If this is then the construction of Georgia's Constitution, reached without a recorded raising of it below or even in the Supreme Court of Georgia, and concluded without so much as a discussion of the sources or historical meaning of Georgia's separate constitution as it evolved through the ages and the revisions, we are bound to follow it. Ga. Const. 1983, Art. VI, Sec. VI, Par. VI.

We had transferred the case to the Supreme Court of Georgia because we were unaware of the state constitutional implications of *Stephens*, and we knew that we had no jurisdiction to delve into construction of the Georgia Constitution. Ga. Const. 1983, Art. VI, Sec. VI, Par. II (1); *Pope v. City of Atlanta*, 240 Ga. 177 (1) (240 SE2d 241) (1977). The rationale was as follows.

Both in the motion to suppress evidence ruled on by the trial court, and in this court, Wells invoked not only the Fourth and Four-

---

[2] See *Michigan v. Long*, 463 U. S. 1032 (103 SC 3469, 77 LE2d 1201) (1983), regarding plain statement.

teenth Amendments but also the Ga. Const. 1983, Art. I, Sec. I, Par. XIII. Thus he properly raised a state constitutional ground, *Lilly v. Crisp School System*, 224 Ga. 45, 46 (159 SE2d 707) (1968), which we believed required a ruling. Cf. *State v. Farmer*, 177 Ga. App. 18, 20 n. 1 (338 SE2d 489) (1985). As Justice Stephens clearly explained in his concurring opinion in another state search and seizure case, *Massachusetts v. Upton*, 466 U. S. 727, 735 (104 SC 2085, 80 LE2d 721) (1984), the state courts should first address the claim of right under the state constitution. Otherwise they ignore a "fundamental premise of our constitutional system of government." Id. He pointed out that not only is that a fundamental error insofar as structure of government is concerned, but it is a large waste of court time and it potentially delays final resolution of the case.

Although the wording of Georgia's provision regarding search and seizure is nearly identical with that of the U. S. Constitution, we reasoned that it does not necessarily have the same meaning or scope, as it has a different history, a different reach, and a different court has been its ultimate construer. See *State v. Jewett*, 500 A2d 233 (Vt. 1985). Thus we do not assume that our state constitutional provision is cloaked with the same meaning ascribed by the United States Supreme Court to a correlative provision in the federal constitution, or that the meaning of ours is changed when the U. S. Supreme Court modifies the latter. *Oregon v. Kennedy*, 295 Or. 260, 265 (666 P2d 1316) (1983).

We noted that appellant both recognized the distinction and pointed out an instance wherein the Georgia Bill of Rights affords a greater protection to a person on trial than does the U. S. Constitution. In connection with his own dilemma, he urged adoption of the more restrictive standard applied in the states of California and Alaska.[3] Rather than requiring that a defendant who attacks a search warrant on the basis of a false statement contained therein show it was made knowingly and intentionally or with reckless disregard for the truth, appellant opts for a more lenient standard. He argued that the evidence should be suppressed if the affidavit for the warrant contains false information given negligently. The Georgia Constitution, he said, should only require a "reasonable man" standard in this connection.

Although appellant did not cite the law in Georgia on the subject, i.e., what the Constitution of Georgia currently means in this connec-

---

[3] *Theodor v. Superior Court*, 8 Cal. 3d 77, 104 Cal. Rptr. 226, 501 P2d 234 (1972); *People v. Cook*, 22 Cal. 3d 67, 148 Cal. Rptr. 605, 583 P2d 130 (1978); *State v. Malkin*, 678 P2d 1356 (1984).

tion,[4] he acknowledged that it has not been interpreted by our courts in conformity with the California and Alaska views.

The point and argument advanced are swept aside by the Supreme Court's transfer order, which does not rule on it except in its ultimate result.

APPENDIX.

## ORDER OF SUPREME COURT OF GEORGIA
### 43470. JAMES F. WELLS v. THE STATE.

This Court — in *State v. Stephens*, 252 Ga. 181 (311 SE2d 823) (1984) — already having construed Georgia Constitution 1983, Art. I, Sec. I, Par. XIII as requiring the "totality of the circumstances" test, this appeal urging the unfairness of the rule as applied to the facts of this case necessitates merely an application of the Constitution, rather than a construction, such as would give this Court jurisdiction under Georgia Constitution 1983, Art. VI, Sec. VI, Par. II. Accordingly, the case is transferred to the Court of Appeals.

DECIDED SEPTEMBER 2, 1986.

*James R. McKay*, for appellant.
*Stephen F. Lanier, District Attorney, Barry Irwin, Assistant District Attorney*, for appellee.

---

[4] *Cuevas v. State*, 151 Ga. App. 605, 613 (E) (260 SE2d 737) (1979), deals only with a federal context.