73103. HAYES v. THE STATE.
(355 SE2d 700)

BENHAM, Judge.

Appellant seeks reversal of his convictions for possessing cocaine, diazepam, and untaxed liquor. We affirm.

1. Appellant maintains his motion to suppress should have been granted because the affidavit upon which the search warrant was issued did not describe with sufficient specificity the premises to be searched; it contained stale information; the most recent information was unverified and came from an anonymous tipster; and allegedly exculpatory material was not presented to the magistrate.

In the affidavit which accompanied the request for the issuance of a search warrant, the affiant/officer described the premises to be searched as "the entire premises known as 3851 Hwy 20 N. E., Conyers, Ga. Said premises further described as a house trailer behind the lake, farthest from Ga. 20 . . . Said property is located behind the old Hayes' Junkyard and Store, north of Conyers on Ga. Hwy 20, on the easterly side." The affiant stated that, earlier that day, an anonymous tipster had told GBI agents that, in the last 72 hours, he/she had observed cocaine in appellant's trailer and marijuana concealed in the adjacent woods. The caller admitted purchasing cocaine from appellant, displayed a "truthful manner," and expressed a desire to end his/her involvement with cocaine. The tipster gave a detailed description of the location of appellant's trailer and recited appellant's unlisted telephone number. The affiant averred that he was personally aware that the tipster's description of the location of appellant's trailer was accurate, and that investigation verified the accuracy of the unlisted telephone number. As further corroboration of the tipster's information, the affiant detailed the contents of anonymous tips law enforcement officers had received in May 1983 and February 1984 concerning appellant's possession and sale of cocaine. The affidavit also described appellant as having "been found in violation of the Georgia Controlled Substances Act, on or about August 3, 1977."

"The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for concluding' that probable cause existed." *Illinois v. Gates,* 462 U. S. 213, 238 (103 SC 2317,

76 LE2d 527) (1983); *State v. Stephens*, 252 Ga. 181, 182 (311 SE2d 823) (1984). An appellate court should "grant . . . deference to the decision of the Magistrate to issue a warrant" and avoid "after the fact, de novo scrutiny" of the sufficiency of the affidavit. *Massachusetts v. Upton*, 466 U. S. 727, 732 (104 SC 2085, 80 LE2d 721) (1984). See also *Illinois v. Gates*, supra, 462 U. S. at 236.

Contrary to appellant's assertion, the place to be searched was clearly specified. *Caffo v. State*, 247 Ga. 751 (2a) (279 SE2d 678) (1981); *Cooksey v. State*, 149 Ga. App. 572 (2) (254 SE2d 892) (1979). The information appellant contends was stale (the 1977 criminal activity, the 1983 and 1984 anonymous tips) was presented as corroborating the anonymous tip received the day the affiant applied for the warrant. Furthermore, the inclusion in an affidavit for a search warrant of a suspect's past criminal conduct is permissible since an officer's knowledge of a suspect's reputation is a "practical consideration of everyday life upon which an officer [or a magistrate] may properly rely." *Caffo v. State*, supra, Div. 2c. See also *Felker v. State*, 252 Ga. 351 (5) (314 SE2d 621) (1984). The affidavit also contained information corroborating the anonymous tip. See *Curry v. State*, 255 Ga. 215 (1) (336 SE2d 762) (1985); *Thomas v. State*, 173 Ga. App. 481 (1) (326 SE2d 840) (1985). As for appellant's assertion that the affidavit is deficient in that it failed to present "exculpatory" information, we are unaware of any requirement that exculpatory material be included in an ex parte application for a search warrant. There is no evidence that material misrepresentations were knowingly or recklessly included in the affidavit, and there was no showing of misconduct on the part of the affiant. See *Mize v. State*, 173 Ga. App. 327 (1) (326 SE2d 782) (1985). In the absence of such evidence, the presumption of validity of an affidavit executed in support of a search warrant must stand. See *Ross v. State*, 169 Ga. App. 655, 657 (314 SE2d 674) (1984).

2. Appellant argues that the trial court's charge on the law of admissions was impermissibly burden shifting, and that the trial court erred in charging the provisions of OCGA § 3-2-33 (a) without informing the jury of the content of OCGA § 3-3-8. Neither alleged error was preserved for appeal when the trial court asked for any exceptions counsel had to the charge. See *Jackson v. State*, 246 Ga. 459 (271 SE2d 855) (1980). Appellant's allegations do not constitute error.

3. Finally, appellant contends that exculpatory material and the informant's identity were denied him despite his timely requests therefor. The trial court made an in camera inspection of the State's file and all exculpatory material was delivered to appellant's counsel. Appellant now has the burden of showing both the materiality and the favorable nature of the material he sought but did not receive. Mere speculation that there may be exculpatory information is insuf-

ficient. See *Welch v. State*, 251 Ga. 197 (8) (304 SE2d 391) (1983). The disclosure of the identity of a mere tipster is not required. *State v. Royal*, 247 Ga. 309 (2) (275 SE2d 646) (1981).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED MARCH 10, 1987 —
REHEARING DENIED MARCH 26, 1987 — 

*M. Randall Peek*, for appellant.

*Robert F. Mumford, District Attorney, William F. Todd, Jr., Assistant District Attorney*, for appellee.