77587. LEDBETTER et al. v. THE STATE.
(380 SE2d 313)

SOGNIER, Judge.

Danny William Ledbetter and Patricia Fay Ledbetter appeal their convictions on three counts of violation of the Georgia Controlled Substances Act.

1. In two enumerations of error appellants contend the trial court should have granted their motion to suppress because the affidavit used to obtain the search warrant for their residence contained intentionally false statements. The record reveals that Investigator Jonathan K. Taylor of the narcotics section of the Gwinnett County Police Department applied for the search warrant, and in support therefor presented his affidavit regarding information received from a confidential informant who allegedly had purchased cocaine from a man later identified as appellant Danny Ledbetter. In the affidavit,

Investigator Taylor stated that he had spoken "with *a* confidential and reliable informant" (emphasis supplied), but then used the plural pronouns of "they" and "their" elsewhere in the affidavit to describe the informant. At the hearing on appellants' motion to suppress, Investigator Taylor testified that he had only one informant, and that he used the plural pronouns to conceal the informant's identity by masking the gender of the informant. Appellants contend that this deliberate use of plural pronouns constituted a false statement knowingly and intentionally made, and that under the authority of *Franks v. Delaware*, 438 U. S. 154 (98 SC 2674, 57 LE2d 667) (1978), the perjured testimony must be excised and the search warrant voided.

There is a presumption of validity with respect to an affidavit supporting a search warrant. *Ross v. State*, 169 Ga. App. 655, 657 (314 SE2d 674) (1984). "*Franks* provides that if the defendant[s] [make] a substantial showing of intentional falsity, the trial court must conduct a hearing on the issue. If, at that hearing, the allegations of falsity are established by a preponderance of the evidence, and if the affidavit is not sufficient without the false statement, the warrant is void. [Cit.] That is not the required result in the present case." *Wells v. State*, 180 Ga. App. 133 (1) (348 SE2d 681) (1986). We agree with the trial court that the affidavit clearly indicated there was only one informant, and to the extent any confusion was created by the use of plural pronouns, that circumstance does not rise to the level of deliberate falsehood or reckless disregard for the truth. See id. Accordingly, we find no reversible error in the denial of the motion to suppress.

2. Appellants also argue that Investigator Taylor's affidavit was defective because the informant never identified the person who sold the cocaine, whom he knew only as "Buster," as appellant Danny Ledbetter, and that Investigator Taylor's independent investigation of "Buster's" identity was inadequate. We do not agree. "In making a determination as to probable cause pursuant to the 'totality of the circumstances' test . . . [cit.], ' "(t)he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. . . ." [Cits.]' [Cit.]" *Mize v. State*, 173 Ga. App. 327, 328 (326 SE2d 782) (1985).

As to the denomination of appellant as "Buster," even if that nickname was incorrect, it was mere surplusage in an otherwise reliable affidavit, which provided appellant's correct address and the subsequently verified information that contraband was located there. Regarding the adequacy of Investigator Taylor's verification of "Buster's" identity, Investigator Taylor's affidavit gave reasons for his

belief in the informant's reliability, stated specifically how the informant obtained his knowledge, and established that Investigator Taylor took steps to verify the information provided by the informant. "Since the affidavit was sufficient to support the magistrate's finding of probable cause without regard to the surplus information concerning the [nickname of 'Buster'], we hold that the trial court did not err in denying appellant[s'] motion to suppress the evidence obtained pursuant to the search warrant. [Cit.]" Id. at 329 (1).

*Judgment affirmed. Carley, C. J., and Deen, P. J., concur.*

DECIDED MARCH 7, 1989 —
REHEARING DENIED MARCH 21, 1989 — ▮▮▮▮▮▮▮▮▮

*Billy L. Spruell*, for appellants.

*Thomas C. Lawler III, District Attorney, Allyson F. Baillis, Assistant District Attorney*, for appellee.