A92A1288, A92A1289. SMITH v. THE STATE (two cases).
(424 SE2d 60)

ANDREWS, Judge.

Smith entered her plea of guilty to possession of cocaine, contingent upon our review of the court's denial of her motion to suppress below.

## Case No. A92A1289

1. Upon the denial of the motion to suppress by order of December 5, 1991, the court issued a certificate of immediate review and Smith filed her application for interlocutory review with this court. That application was denied by this court's order of January 6, 1992.

Case No. A92A1289 is a direct appeal from the order denying the motion to suppress. That order not being final, the only mechanism for interlocutory appeal was that followed and denied by this court. Therefore, this appeal is dismissed.

## Case No. A92A1288

2. This appeal from the final judgment and conviction enumerates as error the denial of the motion to suppress and will be considered.[1]

Smith has enumerated three errors regarding the motion to suppress, alleging the court erred because: 1) the "warrant was changed or amended by a magistrate other than the magistrate issuing the warrant"; 2) "the warrant [did] not particularly describe the place or person, or both, to be searched and things to be seized"; and 3) "the magistrate made a determination of probable cause from the facts contained in the affidavit which were false at the time the warrant was issued."

The motion to suppress filed below, however, does not raise the ground alleged in the first enumeration and it presents nothing for

---

[1] Smith was sentenced under the provisions of the First Offender Statute, OCGA § 42-8-64, which is a final, appealable order or judgment. *Littlejohn v. State*, 185 Ga. App. 31 (363 SE2d 327) (1987).

our review. *Harris v. State*, 168 Ga. App. 159 (308 SE2d 406) (1983).

The motion, in paragraphs 11 and 12, does adequately raise the issues in the second and third enumerations, because there it is contended that the search was "illegally executed on the unit 1206 . . . as it had been amended from unit 1204 by the officer executing it and was therefore invalid . . ."; and was "illegally executed on unit 1206 instead of 1204 . . . as it had been amended by the officer executing it, more than 4 hours after its issuance which was more than adequate time to obtain another search warrant, pursuant to *Delaney v. State*, 135 Ga. App. 612 (218 SE2d 318) (1975)."

The premises to be searched were originally identified in typewriting as "2242 Walton Lane # 1204, City of Atlanta, DeKalb County, Georgia." As explained by Detective McCord during the hearing on the motion, an undercover buy using a confidential informant had been made and was the factual premise upon which the warrant was sought. Apartment # 1204 was provided by the informant to the officers as the correct number. The officers had watched the informant go in and out of what was really apartment # 1206, next door to # 1204, but relied on the informant for the number. After Magistrate Malicki issued the warrant and just prior to executing it, the officers made another controlled buy from the same apartment and realized that it was, in fact, # 1206. Officer McCord then returned to the court and attempted to locate Judge Malicki, but was unsuccessful. He did locate Judge Mickle and explained the situation to him. Judge Mickle looked over the affidavit and Detective McCord swore to the truth of the contents. Judge Mickle instructed the officer to change the numeric identification of the apartment in his presence. The change was made, dated, and initialed by both the officer and Judge Mickle.

The efforts of the officer in correcting the numerical designation were reasonable and proper. *Oliver v. State*, 161 Ga. App. 567, 568 (1a) (287 SE2d 698) (1982); *State v. Sanders*, 155 Ga. App. 274, 275 (270 SE2d 850) (1980).

To the extent that intentional falsity was alleged as a basis for invalidating the search warrant, there was no showing of anything other than an unintentional mistake. This ground is without merit. *Ledbetter v. State*, 190 Ga. App. 843 (1) (380 SE2d 313) (1989); *Wells v. State*, 180 Ga. App. 133 (1) (348 SE2d 681) (1986).

3. Consideration of the fourth enumeration is made unnecessary by the conclusion reached in Division 2.

*Judgment affirmed in Case No. A92A1288. Appeal dismissed in Case No. A92A1289. Birdsong, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 16, 1992.

*Jacquelyn F. Luther*, for appellant.

*Robert E. Wilson, District Attorney, J. Thomas Morgan III, Jeffrey H. Brickman, Elisabeth G. Macnamara, Assistant District Attorneys*, for appellee.