63727. DYER v. THE STATE.

POPE, Judge.

Stephaney Dyer brings this appeal from her conviction of conspiracy to violate the Georgia Controlled Substances Act, Code Ann. § 79A-812, for which she was sentenced to serve twelve years.

Appellant asserts seven enumerations of error, to wit: (1) Denial of her motion to suppress wiretap evidence on the ground that the affidavit filed in support of the request for issuance of the wiretap warrant failed to satisfy the Aguilar-Spinelli Test; (2) Denial of her motion to suppress wiretap evidence on the ground of failure to monitor the officers to minimize the interception and recordation of private conversations; (3) Admission into evidence of copies of excerpts of the original wiretap recordings; (4) Denial of her motion to quash the indictment on grounds that it failed to charge an offense, that it joined in one count two separate and distinct offenses and that it was vague and indefinite; (5) Denial of her motion for disclosure of the identity of an informant; (6) Denial of her motions regarding unintelligibility of the tape recordings, seeking, alternatively, to rule them out as evidence, to rule out the portions involving her or to instruct the jury to disregard those portions of the tapes the jury was not satisfied beyond reasonable doubt it understood; and (7) Denial of her motion for a new trial.

1. Appellant's first four enumerations of error were presented in the appeal by co-defendant Douglas Tookes and were ruled upon by

this court. See *Tookes v. State,* 159 Ga. App. 423 (283 SE2d 642) (1981).

2. Appellant contends that the informant in this case was a decoy and that his identity should have been disclosed. Under the rule established in *Thornton v. State,* 238 Ga. 160 (231 SE2d 729) (1977), cert. den., 434 U. S. 1073 (1978), whenever disclosure of an informant's identity is raised in a Brady motion, the trial court must conduct a hearing on the merits of that motion. If the court determines that the informant was a decoy, that he participated in or witnessed the alleged crime, the court must then consider the balancing requirements of Roviaro v. United States, 353 U. S. 53 (77 SC 623, 1 LE2d 639) (1957). However, if the court is satisfied that the informant was merely a tipster, that he did not participate in or witness the alleged crime, no further inquiry is necessary and the informant's identity remains privileged. *Thornton,* supra. See also *State v. Martin,* 156 Ga. App. 554 (275 SE2d 129) (1980).

Appellant here made a Brady motion. Counsel for co-defendant Tookes also moved for disclosure of the informant's identity and argued the motion at the hearing. The state responded by asserting that, although the informant had been engaged in narcotics transactions with the defendants, he had not participated in any narcotics transactions included evidentially as overt acts to the alleged conspiracy. This was not disputed by defense counsel. Since the informant was not a participant or a witness in the overt acts elemental to the conspiracy, the informant was not a decoy, but merely a tipster. *Thornton,* supra. Therefore, the trial court correctly refused to compel disclosure of the informant's identity.

3. Appellant next contends that the trial court erred in denying the motions regarding the unintelligibility of the tape recording evidence. We disagree. A review of the transcript indicates that the unintelligible portions were not so substantial as to render the recordings as a whole untrustworthy. See *Lynch v. State,* 143 Ga. App. 188 (2) (238 SE2d 122) (1977). Accord, United States v. Wilson, 578 F2d 67 (1) (5th Cir. 1978).

4. Appellant's final contention is that the trial court erred in denying appellant's motion for a new trial. After review of the record we find that any rational trier of fact could have found from the evidence adduced at trial proof of the essential elements of the crime beyond a reasonable doubt. *Simonton v. State,* 151 Ga. App. 431 (8) (260 SE2d 487) (1979); Jackson v. Virginia, 443 U.S. 307 (99 SC 2781, 61 LE2d 560) (1979). There is no basis for setting aside the verdict and granting a new trial.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JUNE 30, 1982.

*Glenn Zell,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, Assistant District Attorneys,* for appellee.