## 67653. THE STATE v. HOCKMAN.

P*OPE*, Judge.

The State brings this appeal from the trial court's grant of appellee's motion to suppress evidence obtained by the State pursuant to a search warrant. The issue presented here for resolution is the sufficiency of the affidavit to support the search warrant. *Held*:

The subject affidavit averred that appellee worked at a named garage in Winder, Georgia and was known to drive a red Ford pickup truck. Appellee was alleged to be concealing Valium and cocaine in violation of the Georgia Controlled Substances Act. In support of this allegation, the affidavit set forth the following information: "Within the past 3 days affiant was contacted by a confidential source it knows to be a concerned citizen, to be known as Source B. Source stated that it had a conversation with a second party herein to be known as

Source A. Source A told Source B it had been on the above described premises within the past seven days prior to 12 May 1983 and observed a quantity of Valium and a substance it was told to be cocaine. Source A further told Source B that it was in a red tool box in Shedds Garage on Candler St. but in the possession of Bobby Hockman who keeps the key. Source B is considered to be reliable because (1) it is a mature person, (2) is gainfully employed, (3) has no criminal record, (4) has been known by affiant for at least 4 years, (5) has given information on at least one occasion which led to the arrest and conviction of 3 people for felony drug charges.

"Source A is considered to be reliable because (1) it is a known associate of Bobby Hockman, (2) has been observed on the premises by Chief Terrell in the past year, (3) does not have a criminal record but is (4) known to associate with suspected drug users, (5) is a known associate of Source B, and (6) did not know Source B would go to law enforcement officers with the above information.

"In corroboration of the above information, Bobby Hockman is known by Winder police officers to drive a red Ford pickup and to work at Shedds Garage on W. Candler St."

Our review of the transcript of the hearing on this matter discloses that the trial judge based his decision on the apparent total lack of verification of the information provided by Source A to Source B. Indeed, under the "two-pronged test" derived from the holdings in Aguilar v. Texas, 378 U. S. 108 (84 SC 1509, 12 LE2d 723) (1964), and Spinelli v. United States, 393 U. S. 410 (89 SC 584, 21 LE2d 637) (1969), where the hearsay of an informer is relied upon, the affidavit must, in addition to furnishing the reasons for the informer's reliability, state how the informer obtained the information or the tip must describe the criminal activity in such detail that the magistrate may know it is more than a casual rumor circulating in the underworld or an accusation based merely upon an individual's reputation. As in the case at bar, " '[t]hese rules governing the evaluation of information from the primary unnamed informant govern also evaluation of information from the secondary sources.' [Cit.]" *State v. Fincher*, 161 Ga. App. 556, 557 (288 SE2d 643) (1982). However, prior to the entry of the order granting appellee's motion to suppress, the "two-pronged test" was abandoned by the United States Supreme Court in favor of an analysis based upon the "totality of the circumstances" made known to the magistrate. Illinois v. Gates, ___ U. S. ___ (103 SC 2317, 76 LE2d 527) (1983). Under Gates, the task of the magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. Our duty as a reviewing court is

simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. The "two prongs," under this "totality of the circumstances" analysis, "should be understood simply as closely intertwined issues that may usefully illuminate the commonsense, practical question whether there is 'probable cause' to believe that contraband or evidence [of a crime] is located in a particular place." Illinois v. Gates, 76 LE2d at 543, supra. "It is enough, for purposes of assessing probable cause, that 'corroboration through other sources of information reduced the chances of a reckless or prevaricating tale,' thus providing 'a substantial basis for crediting the hearsay.' [Cit.]" Id. at 552; Massachusetts v. Upton, __ U. S. __ (104 SC 2085, 80 LE2d 721) (1984).

It is clear from the affidavit that Source B did nothing to corroborate what Source A had told him. Source B simply relayed the conversation to the affiant police officer. Compare *State v. Fincher*, supra. The affiant offered as corroboration that Source A did not have a criminal record but was known to associate with suspected drug users. This, however, "is but a bald and unilluminating assertion of suspicion that is entitled to no weight in appraising the magistrate's decision. [Cit.]" Spinelli v. United States, 393 U. S. at 414, supra. As further corroboration, the affiant offered that Source A was a known associate of both Source B and appellee; that Source A was known to frequent the premises where the contraband was alleged to be; and that Source A did not know that Source B would relay the information to the police. Also, appellee was known to drive a red Ford pickup truck and was known to work at the subject premises. There was thus some corroboration of the tip in the affidavit, although this corroboration can only be described as marginal at best. Nevertheless, under the "totality of the circumstances" analysis, we must consider the affidavit in its entirety, giving significance to each relevant piece of information and balancing the relative weights of all the various indicia of reliability and unreliability attending the tip. Massachusetts v. Upton, supra. "Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants." United States v. Ventresca, 380 U. S. 102, 109 (85 SC 741, 13 LE2d 684) (1965). Applying these standards to the affidavit in this case, we believe the corroboration provided therein sufficiently reduced the chances of a reckless or prevaricating tale so as to provide a substantial basis for crediting the hearsay. See *State v. Stephens*, 252 Ga. 181 (311 SE2d 823) (1984).[1] See also *State v. Luck*, 252 Ga. 347

---

[1] We are mindful of the caveat cited by the Supreme Court of Georgia to the "totality of

(312 SE2d 791) (1984).
 *Judgment reversed. Banke, P. J., and Benham, J., concur.*

DECIDED JUNE 27, 1984 —
REHEARING DENIED JULY 10, 1984 — 

 *Timothy G. Madison, District Attorney, T. David Motes, Assistant District Attorney,* for appellant.
*William Rhymer,* for appellee.

---

the circumstances" test that "it is, at heart, a rule of subjectivity. One judge's 'probable cause' can be another judge's 'inarticulable suspicion' . . . ." *State v. Stephens,* supra at 184. In *Stephens* the Supreme Court noted our "thoughtful assessment" of the affidavit in question but adopted a contrary view as to whether said affidavit was sufficient to show probable cause.