68768. BORDERS et al. v. THE STATE.
(325 SE2d 626)

CARLEY, Judge.

Appellants Borders and Ford were tried and found guilty of three counts of violating the Georgia Controlled Substances Act. They appeal from the judgments of conviction and sentences entered on the guilty verdict.

1. Asserting the inadequacy of the affidavit upon which a warrant was issued to search their apartment, appellants enumerate as error the denial of their motion to suppress. During the search of appellants' apartment pursuant to the challenged warrant, approximately 6.6 pounds of marijuana, 121 grams of cocaine, and a quantity of LSD were seized.

The affidavit at issue was made on May 3, 1983, by investigator Smith of the Atlanta Narcotics Squad. The affiant stated that, within the past several weeks, he had received certain information from concerned neighbors of appellants. According to the affiant, the informants were over thirty years old, had never been arrested, were gainfully employed, and had good reputations. The information given by appellant's neighbors was as follows: that appellants lived together at a certain named address and had lived there for at least one year; that "[m]arijuana and a white powder substance (suspected cocaine) have been observed to be in the possession of either [appellants Bor-

ders or Ford] or jointly"; that "[o]ver the past year, vehicles have been driven in front of [appellants' apartment], park, and usually the driver would exit the vehicle and go to the apartment, stay only two or three minutes, and then leave." The affiant also stated that appellants' neighbors reported that "[t]his activity usually takes place from 6 p.m. in the evening until late at night. The subjects are mostly white males in their twenties or early thirties. On occasion, a few black males frequent said location." The neighbors further reported that both appellants "have boasted of having large sums of cash."

The affiant also related that he had personally been able to ascertain the following: that a white male and female presently occupy the named address; that a certain car registered to appellant Borders is parked in the driveway; that on April 29, 1983, he had observed that a white male and a female were at the address, when "two white males, 20 to 30 years old arrived separately and both did the same, both entered the apartment alone, stayed two or three minutes and then left." The affiant also stated that appellants' neighbors had provided him with a list of tag numbers from the automobiles of appellants' visitors from which he had established that the visitors, who were staying several minutes, were from different areas of the city and from other states. From the information he had received and observed, the affiant concluded that a pattern had been exhibited which was consistent with a drug operation. The affiant also stated his belief that appellants were in the drug trafficking business and were, at the time, concealing and selling cocaine and marijuana at the given address.

Appellants first attack the affidavit on the ground that it was insufficient to demonstrate probable cause to believe that contraband was located at their residence.

In *Illinois v. Gates*, ___ U. S. ___ (103 SC 2317, 76 LE2d 527) (1983) the United States Supreme Court held that the existence of probable cause for the issuance of a warrant is to be determined, not according to the "two-pronged test" established in *Aguilar v. Texas*, 378 U. S. 108 (84 SC 1509, 12 LE2d 723) (1964) and *Spinelli v. United States*, 393 U. S. 410 (89 SC 584, 21 LE2d 637) (1969), but rather in the light of the "totality of the circumstances" made known to the magistrate. Subsequently, in *Massachusetts v. Upton*, ___ U. S. ___ (104 SC 2085, 80 LE2d 721) (1984), the Supreme Court reaffirmed its holding in Gates, and emphasized the rejection of an "after-the-fact, de novo [probable cause] scrutiny" by reviewing courts. Instead, the Court held that reviewing courts must decide only whether the information, viewed as a whole, provided a substantial basis for the magistrate's finding of probable cause. " 'A grudging or negative attitude by reviewing courts toward warrants,' [cit.], is inconsistent both with the desire to encourage use of the warrant pro-

cess by police officers and with the recognition that once a warrant has been obtained, intrusion upon interests protected by the Fourth Amendment is less severe than otherwise may be the case. [Cit.] A deferential standard of review is appropriate to further the Fourth Amendment's strong preference for searches conducted pursuant to a warrant." *Massachusetts v. Upton*, supra at ___.

Utilizing this standard of review, which was adopted by the Georgia Supreme Court in *State v. Stephens*, 252 Ga. 181 (311 SE2d 823) (1984), we find that the information, viewed as a whole, provided a substantial basis for the magistrate's finding of probable cause to believe that contraband was located on the premises. " 'Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants.' [Cit.]" *State v. Hockman*, 171 Ga. App. 504, 506 (320 SE2d 241) (1984).

In so holding, we find distinguishable our decision in *State v. Porter*, 167 Ga. App. 293 (306 SE2d 377) (1983). In *Porter*, probable cause was purportedly based solely upon an affiant officer's statement that "he had observed for five consecutive afternoons and evenings that numerous vehicles visited the dwelling for short periods of time in which a person came out of the dwelling, passed a package through the window of each vehicle and received what appeared to be money in return. Based on his and another officer's 10 years experience as law enforcement officers, the affiant was of the opinion that the activity observed was drug related." *State v. Porter*, supra at 293. We held that there was no probable cause to believe that drugs were located on the premises.

In contrast to *Porter*, the affidavit in the case at bar contains substantially more information than an affiant officer's conclusory opinion that the suspicious activity he observed constituted "drug traffic patterns." The affidavit here contained information that appellants had been seen in the possession of marijuana and suspected cocaine, and had boasted of having large sums of cash. Thus, unlike the situation in *Porter*, the affidavit contained specific drug-related information concerning those "who lived on the premises . . ." *State v. Porter*, supra at 293. Also of particular importance is the affiant's statement that appellants' neighbors had reported that activity indicative of "drug trafficking patterns" had existed at appellants' residence for an entire year, the specific details and continued existence of which were corroborated by the affiant. Application of the "totality of circumstances" analysis has "consistently recognized the value of corroboration of details of an informant's tip by independent police work." *Illinois v. Gates*, supra at ___. Therefore, we find that, unlike *Porter*, the magistrate had a substantial basis for concluding that, in

view of all of the circumstances set forth in the affidavit, there was a fair probability that contraband would be found in appellants' residence.

2. Appellants next attack the sufficiency of the affidavit on the ground that it fails to specify when the enumerated events occurred, so that the magistrate could not make an independent determination as to whether probable cause still existed at the time of the issuance of the search warrant.

In *State v. Luck*, 252 Ga. 347 (312 SE2d 791) (1984), the issue was "whether the 'totality of the circumstances' analysis of Illinois v. Gates, [supra,] should be employed in resolving the question of whether information furnished in an affidavit submitted in support of a request for a search warrant is 'stale.'" The Supreme Court held that "[t]ime is assuredly an element of the concept of probable cause. [Cit.] However, the precise date of an occurrence is not essential. Rather, the inquiry is as to whether the factual statements within the affidavit are sufficient to create a reasonable belief that the conditions described in the affidavit might yet prevail at the time of issuance of the search warrant. [Cit.] When the affidavit indicates the existence of an ongoing scheme to sell drugs, the passage of time becomes less significant than would be the case with a single, isolated transaction. [Cit.]" *Luck v. State*, supra at 347.

The affidavit at issue recited information indicative of the existence of an ongoing scheme to sell drugs. The "totality of the circumstances," including the neighbors' reports of having witnessed "over the past year" vehicles suspiciously frequenting the residence, and the affiant's personal witnessing of the same pattern of vehicles frequenting the residence only five days prior to the issuance of the warrant, "indicated the existence of reasonable probability that the conditions referred to in the affidavit would continue to pertain at the time of issuance of the search warrant." *Luck*, supra at 348. Accordingly, the trial court did not err in denying appellants' motion to suppress.

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED DECEMBER 3, 1984 —
REHEARING DENIED DECEMBER 18, 1984 —

*John A. Nuckolls, David N. Levine, Donald F. Samuel*, for appellants.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, L. Paul Howard, Jr., Benjamin H. Oehlert III, Assistant District Attorneys*, for appellee.