## 69607. THOMAS v. THE STATE.
(326 SE2d 840)

BEASLEY, Judge.

Thomas was arrested after the execution of a search warrant at his home yielded cocaine, marijuana, substantial currency, and a gun. He was charged with, and convicted by a jury of, possession of cocaine and marijuana with intent to distribute and possession of a firearm by a convicted felon.

He complains on appeal that the conviction is based on illegally seized evidence, that the motion to suppress should have been granted because there was no probable cause to issue the search warrant. He also asserts that the court unlawfully restricted his direct examination of a witness.

First, as to the search warrant, the stipulated facts are as follows: On February 21, 1983, a GBI agent talked with a caller with whom the agent had not dealt previously. The information received was that Thomas was storing and selling marijuana at his home and that the caller had seen marijuana sold there within the past ten days and had himself previously purchased marijuana on numerous occasions from Thomas.

The caller gave a physical description of the single-family dwelling and its street address, described two cars to be Thomas', and stated that the cars would be at the residence. When questioned about his motive for reporting Thomas, the caller said Thomas was pressuring him because he owed money for previous drug purchases.

The agent confirmed that Thomas did live at the address given and had a prior drug conviction. The agent corroborated the description of the residence by viewing it and confirmed the presence of the described vehicles. In addition, he verified that one of the cars was registered to Thomas, and he obtained a copy of Thomas' driver's license; it listed the address provided by the caller.

In addition to the above facts, the agent's affidavit further stated that the caller, whom he did not name, displayed a truthful demeanor, had no known criminal record, was regularly employed, and had no known reason to falsify information.

Based on the above, the agent obtained a search warrant on the same day. *Held*:

1. Appellant asserts that probable cause was lacking to issue the search warrant and that all evidence obtained as a result of the illegal search was inadmissible at trial.

In determining whether probable cause exists for the issuance of a search warrant, "[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, ___ U. S. ___ (103 SC 2317, 76 LE2d 527, 548) (1983). It is sufficient "for purposes of assessing probable cause, that 'corroboration through other sources of information reduced the chances of a reckless or prevaricating tale,' thus providing 'a substantial basis for crediting the hearsay.' " *Gates*, 552, supra; *State v. Hockman*, 171 Ga. App. 504, 506 (320 SE2d 241) (1984); see also *Choice v. State*, 168 Ga. App. 28 (308 SE2d 1) (1983).

"[A]fter-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of a de novo review." *State v. Fultz*, 171 Ga. App. 886, 887 (321 SE2d 381) (1984). The duty of the reviewing court "is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." *Gates*, supra; *Borders v. State*, 173 Ga. App. 110 (325 SE2d 626) (1984). "A magistrate's determination of probable cause should be paid great deference by reviewing courts." *Fultz*, supra at 887-888. And, in cases where the demonstration of probable cause in a warrant is doubtful or marginal, "the resolution . . . should be largely determined by the preference to be accorded to warrants." *United States v. Ventresca*, 380 U. S. 102, 109 (85 SC 741, 13 LE2d 684) (1965); *Hockman*, supra at 506.

Although the affidavit in question could not supply information as to the past reliability and veracity of the informant, because he had not provided information previously, the corroboration of much of what he said "reduce[d] the chances of a reckless or prevaricating tale." *Gates*, supra.

Furthermore, the informant's credibility was enhanced by his providing information to the agent which subjected him to the possibility of criminal prosecution. He admitted that he had illegally purchased drugs from Thomas on numerous occasions. In addition, he justified why he chose to put himself in this compromising position by explaining that Thomas had been pressuring him for money owed from previous drug purchases, a plausible reason for the unsolicited call. See *Davis v. State*, 129 Ga. App. 158 (3) (198 SE2d 913) (1973); *Devier v. State*, 247 Ga. 635, 638 (277 SE2d 729) (1981).

For these reasons we hold that the magistrate made a "practical common-sense decision" in issuing the warrant and that the trial court correctly concluded that the magistrate had a substantial basis for his conclusion.

Thomas' claim that the warrant was illegal because the supporting affidavit lacked "verification of Defendant's criminal conduct" and "unique information regarding Defendant" is meritless. We find no legal authority, and he cites none, to support defendant's inference that an affidavit must include such information over and above what was provided. We also find no merit in Thomas' assertion that the affidavit lacked "description of suspicious or illegal activities." The affidavit contained the caller's observation that Thomas was recently storing and selling marijuana at his residence.

2. Appellant next contends that the trial court erred in limiting the direct examination of a witness. Believing him to be the person whose call prompted the search warrant (the record seems to indicate his identification was disclosed to defendant by the State before trial), defendant called as his witness one Harris, who testified that he did not know the GBI agent who obtained the search warrant. On

cross-examination by the State, Harris stated that he knew defendant and had purchased drugs from him. Defendant then sought to treat Harris as a hostile witness and to impeach him by proving by the agent's testimony that Harris *did* know the agent and that Harris had acted as a confidential informant for the GBI with respect to drug transactions. After much discussion among both counsel and the court, and testimony outside the presence of the jury, the court allowed the defendant to show to the jury that Harris denied knowing the agent and that the agent maintained otherwise. The agent was not required to state whether or not Harris was a confidential informant. But that is not what defendant complains about.

The basis for the court's ruling was that the matter was irrelevant to the issues before the jury. Defendant wished to establish Harris' untruthfulness so as to undermine the issuance of the search warrant. The court did allow a thorough and sifting cross-examination of Harris and the agent as to whether they knew each other, and did not restrict defendant's questioning of Harris.

Moreover, whether Harris knew or did not know the agent was irrelevant to defendant's guilt or innocence of the crimes charged. If it were shown that he lied as to this matter, it would not tend to create a reasonable doubt that defendant possessed drugs with the intent to distribute or was a convicted felon in possession of a gun. It might tend obliquely to cast suspicion on the truthfulness of his statement that he had bought marijuana from defendant, but whether he did or did not make such purchases was not at issue either.

As to the belated second attack on the search warrant, this would not be a jury question. The court allowed defendant to go far beyond relevancy in questioning Harris as well as the GBI agent, both out of the presence of the jury and upon its return. There was no basis established for setting aside the ruling which denied the motion to suppress. Even if the information was untrue which Harris (if it was Harris) gave the GBI that led to the search warrant, the question is not whether the informant lied, *Smith v. State*, 156 Ga. App. 102, 106 (273 SE2d 918) (1980), but rather whether the affiant at the time the search warrant was issued had probable cause or substantial basis to believe it was true, so that reliance was justified. *United States v. Leon*, ___ U. S. ___, 52 LW 5155 (1984). The law enforcement officer must act on what he knows, or should know, in the exercise of due diligence. *United States v. Leon*, supra. He is not held to a standard of one hundred percent verification of an informant's information. Here the facts conveyed were corroborated except as to informant's having bought drugs from defendant and having seen drugs at his residence. As to those questions, Harris testified before the jury that he had done so, and he was subject to full cross-examination.

The record simply does not bear out a basis for defendant's

claims of error.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 13, 1985.

*W. Larue Boyce, Jr.*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Alfred D. Dixon, H. Allen Moye, Assistant District Attorneys*, for appellee.