## 70758. WILBANKS v. THE STATE.
### (336 SE2d 312)

BENHAM, Judge.

After a jury trial, appellant was convicted of trafficking in cocaine, possession of marijuana, and possession of diazepam with intent to distribute. His appeal raises three enumerations of error, all of which we find to be without merit.

1. In pronouncing sentence, the trial court stated its intent to sentence appellant to 30 years on the first count to run consecutive to the sentence appellant was currently serving and additionally to impose a $300,000 fine. The court went on to impose a 10-year sentence for each of the two remaining counts, "all to run consecutive to any sentence [appellant is] now serving" as the sentence of the court. The written judgment of conviction and sentence was entered that same day and it stated that the sentences for each count were to be served consecutive to each other and consecutive to the sentence appellant was then serving. Appellant contends that the court increased the punishment orally imposed after appellant had entered upon the execution of his sentence. We disagree. Our reading of the transcript reveals that the court made clear its intention to "do all in its power . . . to discourage trafficking and trading in drugs," and it went on to do so by imposing the aforementioned sentences. Moreover, there is no indication in the record that appellant had begun serving the sentences in question before the written judgment was entered. Compare *Inman v. State,* 124 Ga. App. 190 (183 SE2d 413) (1971), cited by appellant.

2. Appellant also argues that the trial court was not authorized to impose the $300,000 fine, and cites OCGA § 17-10-8 in support of his argument. That Code section is clearly inapposite; it applies only to probated sentences, which the instant one was not. The fine imposed was authorized pursuant to OCGA § 16-13-31 (f).

3. Finally, appellant contends that the trial court erred in denying his motion to suppress evidence seized from his residence and au-

tomobile pursuant to a search warrant, because (1) the copies of the warrant and supporting affidavit were illegible and uncertified, and (2) the warrant was insufficient on its face and issued without probable cause. Our review of the record shows that at trial when the copy of the warrant and affidavit were tendered into evidence, the trial court asked appellant if he had any objection, to which appellant replied, "No, sir." Appellant thereby waived his right to contest the admission of the evidence on appeal. *Abrams v. State,* 144 Ga. App. 874 (1) (242 SE2d 756) (1978).

The second portion of appellant's argument is not supported by the record. The search warrant was issued based on information provided by a confidential informant who had given information that led to at least one arrest and seizure of contraband in the six months prior to the issuance of the warrant in question, and who had otherwise proved to be reliable in the past. Moreover, before applying for the warrant, the officer/affiant had made an independent investigation of deed records which confirmed some of the information provided by the informant. The informant stated, inter alia, that marijuana was being stored at and sold from a specific house in Atlanta, as personally witnessed by the informant within the 72 hours before the warrant was sought. Under those circumstances, the magistrate who issued the warrant " 'had a "substantial basis for concluding" that probable cause existed.' [Cit.]" *State v. Stephens,* 252 Ga. 181, 182 (311 SE2d 823) (1984). Nor was the information contained in the warrant and affidavit stale as a result of the six-day lapse between receipt of the information and execution of the warrant, as appellant contends. Given the nature of the activity in question, a lapse of six days was acceptable. See *Tabb v. State,* 250 Ga. 317 (2) (297 SE2d 227) (1982).

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 9, 1985 —
REHEARING DENIED OCTOBER 23, 1985 —

*Guy E. Davis, Jr.,* for appellant.
*Robert E. Wilson, District Attorney, Margaret H. Thompson, Barbara Conroy, Assistant District Attorneys,* for appellee.