## 72717. MOSLEY v. THE STATE.
### (348 SE2d 555)

BANKE, Chief Judge.

Mosley was convicted of trafficking in marijuana and possessing cocaine in violation of the Controlled Substances Act. On appeal, he contends that the trial court erred in denying his motion to suppress the contraband which was the subject of these charges.

The evidence adduced at the hearing on the motion to suppress consisted primarily of the testimony of police Lt. Davis, who stated that he had been told by a confidential informant that, while hunting, he (the informant) had followed his dog onto appellant's property and into a makeshift greenhouse which he had observed to contain marijuana plants. In order to corroborate this information, Davis flew over the site in an airplane, from which vantage point he was able to observe a makeshift greenhouse covered with clear plastic but was unable to observe any marijuana plants.

Based on the information provided by the confidential informant, as well as his own observations, Davis secured the warrant which led to the seizure of the marijuana introduced in support of the trafficking charge. Appellant submits that this warrant was defective in that no showing was made of the informant's reliability. *Held*:

1. In *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983), the Supreme Court abandoned the "two-pronged test" established in *Aguilar v. Texas*, 378 U. S. 108 (84 SC 1509, 12 LE2d 723) (1964) and *Spinelli v. United States*, 393 U. S. 410 (89 SC 584, 21 LE2d 637) (1969), which required a showing of both the informant's reliability and the source of his information. In its place, the court adopted a "totality of the circumstances" standard of review, as follows: "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed." *Illinois v. Gates*, supra, 462 U. S. at 238. Accord *State v. Stephens*, 252 Ga. 181 (311 SE2d 823) (1984).

Applying this standard of review to the case before us, we have no hesitancy in holding that the first-hand report of the confidential informant, combined with the officer's own verification of that portion of the report which could be verified without a full-scale search, was sufficient to support the issuance of the warrant.

2. We reject appellant's additional contention that his Fourth Amendment rights were violated because the informant obtained his information by trespassing on his (appellant's) property. The Fourth

Amendment "was intended as a restraint upon the activities of sovereign authority, and was not intended to be a limitation upon other than governmental agencies. . . ." *Burdeau v. McDowell*, 256 U. S. 465, 475 (41 SC 574, 65 LE2d 1048) (1921). Thus, "[w]ith reference to searches by private persons, there is no Fourth Amendment prohibition and therefore no occasion for applying the exclusionary rule." *State v. Young*, 234 Ga. 488, 493 (216 SE2d 586) (1975).

3. It follows from the foregoing that the trial court properly denied appellant's motion to suppress.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JULY 15, 1986 —
REHEARING DENIED JULY 29, 1986.

*Andrew J. Ryan III*, for appellant.

*Spencer Lawton, Jr., District Attorney, Virginia Erskine, Assistant District Attorney*, for appellee.