### 72643. CICHETTI et al. v. THE STATE.
(351 SE2d 707)

BENHAM, Judge.

Appellants were convicted of trafficking in marijuana. See OCGA § 16-13-31 (c). On appeal, appellants cite as error the denial of their motion to suppress and the inclusion of certain hearsay testimony at trial. We affirm.

1. Asserting as inadequate the affidavit upon which a warrant was issued to search their home, appellants contend the trial court erred in denying their motion to suppress. Specifically, appellants argue that the affiant/officer had no knowledge of the truthfulness or reliability of the informant upon whose tip the affidavit seeking the warrant was based. Appellants maintain that the search of their home and the seizure of the contraband found there violated their rights to be free from unreasonable search and seizure as protected by the Fourth Amendment to the United States Constitution and Art. I, Sec. I, Par. XIII of the Georgia Constitution.

In the affidavit which accompanied the request for the issuance of a search warrant, the affiant/officer stated that he had "received information from a source that Marijuana is being grown and stored at the residence of [appellants]. Said source stated that within the past ten days she/he personally observed Marijuana growing to the rear of the residence. Said source further advised that she/he had personally observed a quantity of Marijuana inside the residence. Affiant has never received information from source before, however Affiant has personally known said source for approximately one year. Affiant has found the source to be truthful, gainfully employed and has no known criminal record. Affiant believes the above information to be true and correct."

Prior to 1983, an affidavit based upon information provided by a confidential informant was scrutinized for information showing the informant's reliability and the source of the informant's information. See *Aguilar v. Texas*, 378 U. S. 108 (84 SC 1509, 12 LE2d 723) (1964); *Spinelli v. United States*, 393 U. S. 410 (89 SC 584, 21 LE2d 637) (1969). However, in *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983), the United States Supreme Court rejected the *Aguilar-Spinelli* "two-pronged test" as "hypertechnical and divorced from the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Massachusetts v. Upton*, 466 U. S. 727, 732 (104 SC 2085, 80 LE2d 721) (1984). The Georgia Supreme Court described the requirements of the *Gates* analysis as "near equivalents to those traditionally applied by the courts of this state" (*State v. Stephens*, 252 Ga. 181, 182 (311 SE2d 823) (1984)), and adopted that standard of review. Id. at 184. Thus, while an informant's veracity, reliability, and basis of

knowledge are "highly relevant in determining the value of his report," these elements are not "entirely separate and independent requirements to be rigidly exacted in every case . . . Rather, . . . they should be understood simply as closely intertwined issues that may usefully illuminate the common-sense, practical question whether there is 'probable cause' to believe that contraband or evidence is located in a particular place." *Illinois v. Gates*, supra, 462 U. S. at 230.

In place of the two-pronged *Aguilar-Spinelli* test, the United States Supreme Court as well as the Georgia Supreme Court reaffirmed the "totality of the circumstances" analysis. *Illinois v. Gates*, supra, 462 U. S. at 238; *State v. Stephens*, supra at 182. "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for concluding' that probable cause existed." *Illinois v. Gates*, supra, 462 U. S. at 238; *State v. Stephens*, supra at 182. While fulfilling our role as an appellate court, we should "grant . . . deference to the decision of the Magistrate to issue a warrant" and avoid "after the fact, de novo scrutiny" of the sufficiency of the affidavit. *Massachusetts v. Upton*, supra, 466 U. S. at 732. See also *Illinois v. Gates*, supra, 462 U. S. at 236.

In the case at bar, the affiant/officer prepared his affidavit seeking a search warrant after a concerned citizen reported seeing marijuana in appellants' home as well as growing behind appellants' home. Although the informant had not previously given a tip to the officer, he was personally known to the officer, was regularly employed, had no known criminal record, and appeared truthful. See *Thomas v. State*, 173 Ga. App. 481 (1) (326 SE2d 840) (1985); *Johnson v. State*, 164 Ga. App. 501 (3) (297 SE2d 38) (1982). "This court has always given the concerned citizen informer a preferred status insofar as testing the credibility of his information. [Cits.]" *Whitten v. State*, 174 Ga. App. 867, 868 (331 SE2d 912) (1985). In addition, the informant's personal observation of the contraband formed the basis of his information. Id. See also *Franklin v. State*, 179 Ga. App. 220 (345 SE2d 912) (1986); *Farmer v. State*, 177 Ga. App. 18 (338 SE2d 489) (1985). We conclude that the magistrate had a substantial basis for concluding that there was a "fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, supra, 462 U. S. at 238. See also *State v. Stephens*, supra at 184; *Franklin v. State*, supra.

2. Appellants maintain that testimony given at the hearing on the motion to suppress concerning the extent of the affiant/officer's

acquaintance with the concerned citizen informant should have required the suppression of the fruits of the search. At the hearing, the affiant/officer admitted that his "knowledge of the [informant] was practically nil, other than the fact that he was a truck driver," and that he had not had many dealings with the informant to know whether he was truthful or untruthful. This testimony certainly eroded some of the basis for issuing the search warrant contained in the officer's affidavit. At the same time, however, other testimony given at the motion hearing lent additional support to the magistrate's determination that there was a probability that contraband could be found in and about appellant's home. This additional testimony consisted of facts corroborating the informant's tip. The affiant testified that the informant knew of a recent police aerial surveillance of the area around appellants' property; explained how the marijuana plants were camouflaged to escape aerial detection; detailed where the patches of growing marijuana could be found in relation to the house and outbuilding; said in what room of the house he had seen the marijuana; and gave directions to appellants' residence. Inclusion of this information in the officer's affidavit, as well as independent officer-initiated corroboration, "would have given additional strength [to the affidavit] and perhaps avoided the appeal and possible reversal or at least avoided delay in the finality of the case." *Futch v. State*, 178 Ga. App. 115, 118 (342 SE2d 493) (1986) (Judge Pope special concurrence). This additional information offset the deficiencies concerning the informant's reliability that surfaced at the motion to suppress hearing. Looking at the totality of the circumstances presented to the trial court at the motion to suppress hearing, there was no error in the denial of the motion to suppress.

3. At trial, the affiant/officer testified about the contents of a conversation he had had with the confidential informant. When appellants objected due to the hearsay nature of the testimony, the trial court instructed the jury that the hearsay testimony was not admissible "for the truth of the matter but at least to explain just what that officer did. . . ." Appellants voiced no further objection to the testimony. On appeal they complain that the hearsay was not admissible to explain the officer's conduct. See *Momon v. State*, 249 Ga. 865 (294 SE2d 842) (1982); and *Teague v. State*, 252 Ga. 534 (314 SE2d 910) (1984). Inasmuch as this ground was not presented to the trial court, there is nothing for this court to review. *Mullins v. State*, 176 Ga. App. 439 (1) (336 SE2d 343) (1985).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur in the judgment only.*

DECIDED DECEMBER 3, 1986 —
REHEARING DENIED DECEMBER 15, 1986 — 

*David E. Ralston*, for appellants.
*Roger G. Queen, District Attorney*, for appellee.