74392. BRADFORD v. THE STATE.
(361 SE2d 838)

DEEN, Presiding Judge.

Michael Bradford brings this appeal from his conviction and first offender sentence of possession of more than an ounce of marijuana.

1. Appellant urges as error the admission into evidence of contraband which was located by several private citizens who were known as "reserve deputies" and asked by the sheriff to aid the county deputies in the search of a large area which was the curtilage of appellant's residence. The search was carried out pursuant to a search warrant.

The "reserve deputies" worked under the supervision and observation of the county deputies. They were instructed not to handle any contraband they discovered but rather only to alert the officers when it was located. Given the limitations placed upon the "reserve deputies" and the evidence presented that they complied with them, we find no violation of the provisions of OCGA § 17-5-24, which states that the search warrant "shall be directed for execution to all peace officers of this state."

2. The trial court was not required to grant appellant's motion to reveal the identity of the informant. Disclosure is not required where an informant acts as a mere tipster. *Roden v. State*, 181 Ga. App. 287, 290 (351 SE2d 713) (1986). As the evidence showed that the informant merely supplied information upon which the warrant was obtained and was not involved in nor witnessed the crime, the court correctly held the informant's identity was privileged. *Dyer v. State*, 162 Ga. App. 773 (293 SE2d 42) (1982).

3. The information provided to the magistrate to support the issuance of a search warrant was sufficient under the "totality of the circumstances" analysis as set forth in *State v. Stephens*, 252 Ga. 181, 182 (311 SE2d 823) (1984). " 'The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth . . . before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis" for concluding that probable cause existed.' " *Cichetti v. State*, 181 Ga. App. 272, 273 (351 SE2d 707) (1986).

The affidavit in the instant case stated that the informant saw marijuana at the defendant's residence in the past 48 hours, and that "[t]he confidential informant is a resident of Dade County and has been for the past 15 years. And has given reliable information in the past." The affidavit was supplemented by the sworn testimony of a deputy sheriff who provided the details of the informant's observation: there were lights in a room where appellant was growing marijuana; marijuana was buried in a wooded area near appellant's house, and appellant had sold marijuana. Considering the affidavit and the sworn statement together, while they are not a model of perfection for forming the basis to support the issuance of a warrant, do meet the test set forth in *Cichetti v. State*, supra at 273, and the issuing magistrate could have found "a substantial basis for concluding that there was a 'fair probability that contraband or evidence of a crime [would] be found in a particular place.' " Using the common-sense approach under the totality of circumstances rule, it is acknowledged that this is a type of subjective finding by the court on a case by case basis. In

making a judgment call here, seemingly we must "quibble as little as possible on words, and go directly to the substance." *Humphrey v. Copeland*, 54 Ga. 543 (1875). There is enough substance here; therefore, the judgment should be affirmed.

*Judgment affirmed. Birdsong, C. J., McMurray, P. J., Banke, P. J., Carley and Sognier, JJ., concur. Pope, Benham and Beasley, JJ., dissent.*

POPE, Judge, dissenting.

In *State v. Stephens*, 252 Ga. 181 (311 SE2d 823) (1984), our Supreme Court followed the "totality of the circumstances" analysis enunciated in *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983), for resolving the issue of probable cause to issue a search warrant. That is, " '[t]he task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit [and any oral testimony] before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed.' " (Punctuation omitted.) *State v. Stephens*, 252 Ga. at 182, supra, quoting *Illinois v. Gates*, 462 U. S. at 238-239, supra. See also *Lewis v. State*, 255 Ga. 101 (2) (335 SE2d 560) (1985). As aptly noted by our Supreme Court, the rule of *Illinois v. Gates* is, at least, a subjective one, and "[o]ne judge's 'probable cause' can be another judge's 'inarticulable suspicion' . . . ." *State v. Stephens*, 252 Ga. at 184, supra. Bearing this in mind, I am nevertheless unable to concur in the perfunctory analysis employed by the majority which does nothing more than adopt the magistrate's determination that probable cause existed for issuance of the search warrant in this case.

The subject search warrant accused defendant and his wife of "willingly and knowingly [possessing at their residence] a green leafy substance believed to be marijuana [weighing] more than one ounce." The affidavit described the location and physical characteristics of defendant's residence and stated that a confidential informant "did see the . . . marijuana at the . . . described residence in the past 48 hours. The confidential informant is a residen[t] of Dade County and has been for the past 15 years [and] has given reliable information in the past." Additionally, the affiant testified before the magistrate that "the information that [she] had received [indicated] that [defendant and his wife] were growing marijuana, and . . . also had marijuana buried in a wooded area by [their] house, and that they had sold marijuana . . . [and the informant] had seen the lights and everything where [defendant and his wife] had been growing marijuana."

"[U]nder the 'totality of the circumstances' analysis, we must consider the affidavit [and oral testimony] in [their] entirety, giving significance to each relevant piece of information and balancing the relative weights of all the various indicia of reliability and unreliability attending the tip. [Cit.] 'Although in a particular case it may not be easy to determine when an affidavit [and accompanying oral testimony demonstrate] the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants.' [Cit.]" *State v. Hockman*, 171 Ga. App. 504, 505-506 (320 SE2d 241) (1984). Nonetheless, attesting officers and magistrates must make every effort to see that supporting affidavits and sworn testimony reflect the maximum indication of reliability whenever and wherever that shall be feasible. *State v. Stephens*, 252 Ga. at 184, supra.

"The rule in Georgia has been that an affidavit supporting a search warrant may be based on hearsay information as long as there is a substantial basis for crediting the hearsay. [Cit.]" *Lewis v. State*, 255 Ga. at 105, supra. See, e.g., *Wells v. State*, 180 Ga. App. 133 (3) (348 SE2d 681) (1986); *State v. Farmer*, 177 Ga. App. 18 (338 SE2d 489) (1985); *Mize v. State*, 173 Ga. App. 327 (1) (326 SE2d 782) (1985). A confidential informant's veracity (or reliability) and the basis of his purported knowledge are "closely intertwined issues that may usefully illuminate the commonsense, practical question whether there is probable cause to believe that contraband or evidence of a crime is located in a particular place. It is enough, for purposes of assessing probable cause, that corroboration through other sources of information reduced the chances of a reckless or prevaricating tale, thus providing a substantial basis for crediting the hearsay." (Citations and punctuation omitted.) *State v. Hockman*, 171 Ga. App. at 506, supra.

The basis of the confidential informant's knowledge in this case is his personal observation of marijuana at defendant's residence. Beyond the description of the residence, however, this information is provided in general terms rather than with particularity. Compare, e.g., *Futch v. State*, 178 Ga. App. 115 (1) (342 SE2d 493) (1986); *Smith v. State*, 135 Ga. App. 424 (218 SE2d 133) (1975). Moreover, the record is entirely devoid of any showing of the informant's reliability. "It is . . . well established that such reliability is not [shown] by the mere, unsupported assertion that the informant has provided reliable information in the past. [Cits.]" *Felker v. State*, 172 Ga. App. 492, 495 (323 SE2d 817) (1984), cert. den., 471 U. S. 1102 (1985). Also, there is no evidence that the informant in this case was a "concerned citizen" or that he was known to either the attesting officer or the magistrate. Compare, e.g., *Lewis v. State*, 255 Ga. at 105, supra; *Futch v. State*, 178 Ga. App. at 117, supra (concurring opinion). Fi-

nally, the record discloses no independent corroboration of the informant's tip, and "this must be regarded as an extremely significant omission." *Felker v. State,* 172 Ga. App. at 495, supra. Compare, e.g., *State v. Stephens,* 252 Ga. 181, supra; *Mosley v. State,* 180 Ga. App. 30 (1) (348 SE2d 555) (1986); *Wilbanks v. State,* 176 Ga. App. 533 (3) (336 SE2d 312) (1985), cert. den., 89 LE2d 728 (1986); *State v. Hockman,* 171 Ga. App. 504, supra.

It is now well established that neither the basis of an informant's knowledge, nor evidence of his veracity, nor corroboration of these elements is an entirely separate and independent requirement to be exacted in every case, but rather these elements are simply useful in illuminating the commonsense, practical question whether there is probable cause to believe that contraband or evidence of a crime is located in a particular place. *Cichetti v. State,* 181 Ga. App. 272 (2) (351 SE2d 707) (1986); *State v. Farmer,* 177 Ga. App. at 19, supra. Applying the legal principles set out above to the facts of the case at bar, I find no *substantial* basis for crediting the hearsay information provided by the confidential informant and, thus, no probable cause for the issuance of the search warrant. Accord *Felker v. State,* 172 Ga. App. 492 (4), supra. It follows that defendant's motion to suppress the evidence seized as a result of the subject warrant should have been granted, and, accordingly, I dissent.

I am authorized to state that Judge Benham and Judge Beasley join in this dissent.

DECIDED SEPTEMBER 16, 1987 —
REHEARING DENIED OCTOBER 6, 1987.

*Christopher A. Townley,* for appellant.
*David L. Lomenick, Jr., District Attorney,* for appellee.