A89A0449. SIDWELL v. THE STATE.
(382 SE2d 703)

SOGNIER, Judge.

Jimmy Louis Sidwell was convicted of possession of marijuana and possession of cocaine and he appeals.

1. Appellant contends the trial court erred by denying his motion to suppress because the affidavit used to support the issuance of the search warrant failed to set forth the necessary indicia of reliability of the informant and the discrepancy between the affiant's cursory statements in the affidavit and the information actually possessed by the affiant was so great as to constitute a reckless disregard for the truth.

In the affidavit dated December 10, 1986, Detective Octavia Holborough of the DeKalb County Narcotics Department averred that a confidential informant contacted her about drug trafficking at an address confirmed to be the residence of appellant. The informant had been inside the residence within the last seventy-two hours before the filing of the affidavit and had observed cocaine therein. Holborough averred that the informant had given information in the past which led to the seizure of contraband drugs. Also contained in the affidavit was the statement that the informant had told Holborough that appellant was armed with a gun and had previously shot someone two months earlier, and that a check of this information confirmed that appellant indeed had been arrested two months earlier for aggravated assault in the shooting of another.

The trial court did not err by denying appellant's motion to suppress. " 'In *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d

527) (1983), the Supreme Court discarded the strict two-pronged, *Aguilar-Spinelli* [*Aguilar v. Texas*, 378 U. S. 108 (84 SC 1509, 12 LE2d 723) (1964); *Spinelli v. United States*, 393 U. S. 410 (89 SC 584, 21 LE2d 637) (1969)] requirement of (a) demonstrating an informant's reliability and (b) providing the source of the informant's tip in an affidavit to support issuance of a search warrant, and adopted the "totality of the circumstances" test. "The task of the issuing magistrate is simply to make a practical, common-sense decision, whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . conclud(ing)' that probable cause existed." [Cits.]' [Cit.]" *Carr v. State*, 185 Ga. App. 504 (364 SE2d 633) (1988).

Our review of the affidavit leads us to conclude that, using a "practical, common-sense" approach, the issuing magistrate had sufficient reason to determine that probable cause was present. The affidavit demonstrated the basis of the informant's knowledge, and the veracity of the information was established not only by the reliable information previously provided by the informant but also by the information, corroborated by Holborough, as to appellant's ownership of the residence and his earlier armed assault on another person. It cannot be said, therefore, that the affidavit was insufficient. See id.; see also *Bradford v. State*, 184 Ga. App. 459, 460-461 (3) (361 SE2d 838) (1987).

Contrary to appellant's assertions, there is no evidence that material misrepresentations were knowingly or recklessly included in the affidavit. At the hearing on the motion on September 25, 1987, Holborough testified that she went with the informant who pointed out appellant's residence, ownership of which she confirmed by running a real estate check on the property, and that she drove the informant to the house and provided the informant with county funds to purchase contraband. The informant went inside, observed cocaine being sold there, purchased a gram of cocaine for $100, then returned and told the detective about it. Based on this information, Holborough drew up a search warrant. The detective further testified she first came into contact with the informant some six months prior to the search in issue and had dealings with the informant within two to three months prior to the incident involving appellant. Holborough could not remember whether the information she had received from the informer had led to any arrests or warrants being issued, but testified that the information she had received from the source had led to the seizure of contraband in more than one instance.

Appellant contends discrepancies and knowing misrepresentations in Holborough's testimony should invalidate the affidavit. The discrepancy to which appellant refers is the detective's failure to include in the affidavit the additional evidence about her trip to appellant's residence with the informer and the informer's purchase of cocaine there. The detective explained that the information was omitted to protect the identity of the informant. The knowing misrepresentations asserted by appellant consist of the detective's inability to remember the precise dates she was in contact with the informant prior to the instant matter or the nature of the contraband that had earlier been seized based on information received from that source, and her refusal to guess in the absence of her notes as to precisely how many times the informant's information had led to seizure of contraband. We disagree with appellant that these matters in Holborough's testimony constitute material misrepresentations knowingly or recklessly included in the affidavit and in the absence of any showing of misconduct on the part of Holborough, we hold that the trial court did not err by denying appellant's motion to suppress the evidence obtained pursuant to the search warrant. See *Mize v. State,* 173 Ga. App. 327, 329 (1) (326 SE2d 782) (1985).

2. Appellant also contends the trial court erred by denying appellant's motion to reveal the identity of the informant and by failing to conduct an in camera conversation with the informant. "The trial court was not required to grant appellant's motion to reveal the identity of the informant. Disclosure is not required where an informant acts as a mere tipster. [Cit.] As the evidence showed that the informant merely supplied information upon which the warrant was obtained and was not involved in nor witnessed the crime, the court correctly held the informant's identity was privileged. [Cit.]" *Bradford,* supra at 460 (2). As to the issue of an in camera inspection of the informant by the trial court, "[w]hether or not an informer really exists is a question of evidence to be decided by the trial court after the officers have been thoroughly questioned and cross examined." *Keith v. State,* 238 Ga. 157, 159 (231 SE2d 727) (1977). In view of the testimony by Holborough and the trial court's review of the record kept by the police of the cocaine purchase made by the informant, as referenced in the detective's testimony, we find no error in the trial court's denial of appellant's request for an in camera conversation with the informant.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED MAY 24, 1989.

*Price & Conoscienti, Teddy Ray Price,* for appellant.
*Robert E. Wilson, District Attorney, Barbara B. Conroy, Robert*

*E. Statham III, Assistant District Attorneys*, for appellee.

