## A99A0340. PETTUS v. THE STATE.
(514 SE2d 901)

JOHNSON, Chief Judge.

Tommy Pettus was convicted of trafficking in marijuana and possession of methamphetamine. He appeals from the denial of his motion for new trial.

1. Pettus contends the trial court erred in denying his motion for new trial because the verdict was contrary to the evidence, against the weight of the evidence, and contrary to law and principles of justice and equity. The denial of a motion for new trial on these grounds addresses itself to the discretion of the trial judge. On appeal, this Court only reviews the evidence to determine if it is sufficient to support the verdict. This is a question of law, not discretion. The evidence must be construed in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence. To sustain the conviction, the evidence must be sufficient to authorize the jury's finding of the defendant's guilt of the crime charged beyond a reasonable doubt. See *Kapua v. State*, 228 Ga. App. 193 (1) (491 SE2d 387) (1997).

Viewed in the light most favorable to support the verdict, the evidence shows that after making a controlled buy of marijuana, law enforcement officers obtained a warrant to search Pettus' home. In his home they found over 50 pounds of marijuana and a small quantity of methamphetamine. After being advised of his *Miranda* rights, Pettus admitted the marijuana was his and that he did sell marijuana. The evidence was sufficient for a rational trier of fact to find Pettus guilty beyond a reasonable doubt of trafficking in marijuana and possession of methamphetamine under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See OCGA § 16-13-31 (c); *Query v. State*, 217 Ga. App. 61, 63 (1) (456 SE2d 704) (1995); *Coop v. State*, 186 Ga. App. 578, 580 (2) (367 SE2d 836) (1988).

2. Pettus argues that the trial court erred in denying his motion to suppress evidence seized from his home because the affidavit upon which the search warrant was based did not establish probable cause. Specifically, Pettus claims that the detective included false information and omitted relevant information from the affidavit.

In his affidavit, the detective stated that while conducting a surveillance of Pettus' residence, he and other officers saw a person later identified as J. D. enter the residence empty-handed and come out shortly thereafter with a brown bag. The detective averred further

that J. D. got into his vehicle, left, and was stopped nearby. The bag he carried contained marijuana. J. D. told police that he bought the marijuana from Pettus. The warrant was applied for and executed within hours after the transaction occurred.

Pettus complains that the detective did not include in the affidavit the fact that he drove J. D. to the residence, that it was a controlled buy, that he knew J. D. before the sale took place, and that J. D. had provided officers with the tip that Pettus was selling drugs.

In the suppression hearing, the detective testified that he gave the magistrate sworn oral testimony regarding "everything that happened" but that he did not include the information at issue in the written affidavit because he wanted to protect the informant. The warrant application states that the affiant gave the magistrate sworn testimony in addition to the affidavit.

In reviewing a motion to suppress, the evidence is construed most favorably to uphold the findings and judgment, and the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous. Since the trial court sits as the trier of fact, its findings are analogous to a jury verdict and will not be disturbed if there is any evidence to support them. See *Redd v. State*, 229 Ga. App. 364, 365 (494 SE2d 31) (1997).

It is well established that the trial court may consider oral testimony presented to a magistrate in support of the issuance of a warrant. *Gibson v. State*, 223 Ga. App. 103 (2) (476 SE2d 863) (1996). It is also clear that our courts have, on occasion, recognized the affiant's desire to protect the identity of a confidential informant by omitting certain details from the affidavit. See, e.g., *Sidwell v. State*, 191 Ga. App. 661, 663 (1) (382 SE2d 703) (1989) (no error in denying motion to suppress where detective, trying to protect informant's identity, failed to include additional information about the controlled buy); *Landers v. State*, 183 Ga. App. 691, 692-693 (2) (359 SE2d 748) (1987) (no error in denying motion to suppress where affidavit did not show precise date drugs were seen on premises because officer wanted to protect informant's identity). The proper inquiry is whether the factual statements within the affidavit are sufficient to create a reasonable belief that the conditions described in the affidavit might yet prevail at the time the search warrant is issued. *Gibson*, supra at 104 (3).

In this case, the affidavit indicated that earlier in the day the officers saw J. D. go to the residence empty-handed and leave carrying a bag of marijuana. The affidavit also indicated that J. D. told officers he bought the marijuana from Pettus. The truth of these assertions is not disputed. The detective's failure to include more details about the transaction or his relationship with J. D. does not rise to the level of deliberate falsehood or reckless disregard for the truth. See *Ledbetter v. State*, 190 Ga. App. 843, 844 (1) (380 SE2d

313) (1989). The affidavit, when supplemented by the detective's oral testimony, supports a finding of probable cause. See generally *Sidwell*, supra at 662 (1); *Delay v. State*, 213 Ga. App. 199, 201 (4) (444 SE2d 140) (1994).

Pettus' contention on appeal that the affidavit was invalid because it omitted information regarding J. D.'s reliability was not raised below and is therefore waived. See generally *Iglesias v. State*, 191 Ga. App. 403, 404 (2) (381 SE2d 604) (1989). We note that the affidavit was not based on hearsay information supplied by the informant, but was based on the detective's own observations. And, assuming J. D.'s reliability was an issue, he demonstrated his reliability by meeting with the investigator and putting himself on the line by participating in the controlled purchase. See *Clark v. State*, 212 Ga. App. 486, 488-489 (441 SE2d 885) (1994); *Leonard v. State*, 213 Ga. App. 503, 504 (445 SE2d 330) (1994). Under the totality of the circumstances, the evidence showed a fair probability that drugs would be found in the residence. See id.; *Perkins v. State*, 220 Ga. App. 524, 525 (1) (469 SE2d 796) (1996); *Gremillion v. State*, 233 Ga. App. 393, 395 (1) (504 SE2d 265) (1998). There was no error.

*Judgment affirmed. Ruffin, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MARCH 18, 1999.

*Michael A. Zoffmann*, for appellant.
*Patrick H. Head, District Attorney, Irvan A. Pearlberg, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.